T.C. Memo. 2005-84


UNITED STATES TAX COURT


HARRY E. MATHEWS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2515-04.          Filed April 12, 2005.


Harry E. Mathews, pro se.

<u>Daniel N. Price</u>, for respondent.


MEMORANDUM OPINION


WHALEN, <u>Judge</u>:  Petitioner did not file an income tax return for 2000 or 2001.  In separate notices of deficiency, respondent determined the following deficiencies and additions in petitioner's tax for those years:

|  |  | Additions to Tax | | |
|  |  |  | Sec. | Sec. |
| Year | Tax | Sec. 6651(a)(1) | 6651(a)(2)[1] | 6654(a) |
| 2000 | $2,161.10 | $484.22 | [1]$312.05 | $116.23 |
| 2001 | 3,557.40 | 790.52 | [1]298.64 | 140.77 |

[1]Respondent concedes that no return was prepared by the Secretary, pursuant to sec. 6020(b), and that petitioner is not liable for the addition to tax under sec. 6651(a)(2). See sec. 6651(g).

All section references in this opinion are to the Internal Revenue Code.

Petitioner filed an imperfect petition ostensibly seeking redetermination of those deficiencies. Petitioner's imperfect petition states as follows:

> I have filed a petition each year for the past 18 years. All you ever do is steal my filing fee. Even when it was $15.00. I have never been given a Court date. You have no intentions of ever giving me a Court date because you do not want to deal with this matter. One day it will be on National news and all of America will know how you have done me.

The Court issued an order stating that petitioner's imperfect petition did not comply with the Rules of the Court as to the form and content and noting that the filing fee had not been paid. The Court ordered petitioner to file a proper amended petition and to pay the filing fee on or before a certain date. Petitioner filed an amended petition but did not pay the filing fee. For cause, the Court waived the filing fee in this case.

The following are the reasons set forth in the amended petition why petitioner believes he is entitled to relief:

> Since 1976 I have been the victim of an eleborate [sic] fraud.  Each and every year I have tried to get the IRS and or Tax Court to address and fairly assess what I have been telling them.  They have chose [sic] to to [sic] lie and cover-up this criminal conduct.  It has been easier to ignore me than allow the truth to be known.

At the outset, we note that the Court is unable to verify the statement in petitioner's imperfect petition that petitioner has "filed a petition each year for the past 18 years."  Similarly, the Court cannot verify the statement in petitioner's amended petition that "Since 1976 * * * [in] Each and every year I have tried to get the IRS and or Tax Court to address and fairly assess what I have been telling them."

The records of this Court show that, in addition to the instant petition, petitioner has filed two other petitions; viz docket Nos. 18366-90 and 5762-02L.  In the case of the petition at docket No. 18366-90, the Commissioner filed a motion to dismiss for lack of jurisdiction.  The Court issued a notice of filing of the Commissioner's motion and directed petitioner to file an objection by a date certain.  Petitioner filed

no objection and, as a result, the Court granted the Commissioner's motion to dismiss.

In the case of the petition at docket No. 5762-02L, the Court entered an order directing petitioner to file a proper "amended petition for lien or levy action under Code section 6320(c) or 6330(d)" and to pay the filing fee. Petitioner paid the filing fee, but he never filed an amended petition. The Court extended the time for filing the amended petition in four subsequent orders and finally dismissed the case for lack of jurisdiction when it received no amended petition.

The instant case is presently before the Court to decide respondent's motion for summary judgment. In that motion, as mentioned above, respondent concedes that petitioner is not liable for the addition to tax under section 6651(a)(2) for failure to pay the tax shown on a return because petitioner did not file a return for 2000 or 2001 and respondent did not prepare a return for petitioner pursuant to section 6020(b). Accordingly, respondent's motion is deemed to be a motion for partial summary judgment.

Respondent's motion points out that "petitioner's sole issue set forth in his Amended Petition is that he has 'been the victim of an eleborate [sic] fraud'", a theory that, respondent asserts, "has no bearing on the tax deficiencies set forth in the notice of deficiency for tax years 2000 and 2001." Respondent's motion details petitioner's fraud theory, which involves petitioner's divorce and a Florida State court order under which petitioner's wages were garnished to pay child support for a child who petitioner claims does not exist.

Respondent's motion also details the factual basis for finding that petitioner had earned the income underlying the taxes and additions to tax determined in the subject notices of deficiency. Respondent's motion states that during the years in issue petitioner received income from three sources: (1) Wages from the City of Austin, Texas, for work as a crossing guard; (2) distributions of retirement pay from the Defense Finance and Accounting Service attributable to his retirement from the U.S. Air Force; and (3) a distribution from the Prudential Insurance Co. of America (herein Prudential) attributable to the cancellation of a life insurance contract for failure to pay a policy loan. Petitioner's income from these sources is summarized as follows:

| Year | Payor | Amount |
|------|-------|--------|
| 2000 | City of Austin, Texas | $1,408 |
|      | Defense Fin. and Acctg. Service | 12,121 |
|      |  | 13,529 |
| 2001 | City of Austin, Texas | 1,540 |
|      | Defense Fin. and Acctg. Service | 12,551 |
|      | Prudential Ins. Co. | 5,213 |
|      |  | 19,304 |

Respondent's motion for summary judgment is supported by the declaration of Daniel N. Price, respondent's trial attorney, and the exhibits attached thereto.  The attached exhibits include a copy of a letter from the payroll manager for the City of Austin, Texas, who transmitted to the Internal Revenue Service copies of the Forms W-2, Wage and Tax Statement, that had been issued to petitioner for 2000 and 2001, showing that petitioner had been paid wages of $1,408.75 and $1,540, respectively, as well as other documents relating to petitioner's employment by the City of Austin, Texas.  The exhibits also include a letter from a representative of the Retired Pay Department of the Defense Finance and Accounting Service, who transmitted to the Internal Revenue Service copies of the Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., that had been issued to petitioner for 2000 and 2001, showing that distributions of retirement pay had been made to petitioner of $12,121.92 and $12,551.88, respectively.

Finally, the exhibits include copies of a letter from a representative of Prudential to the Internal Revenue Service and a Form 1099-R. Those documents state that a life insurance contract owned by petitioner had lapsed in 2001 and that petitioner had realized $5,213.19 of taxable gain from the contract.

Petitioner's response to respondent's motion for summary judgment is in the form of a letter addressed not only to the Chief Judge of the U.S. Tax Court, but also to "the Honorable Kofi Annan, General Secretary, The United Nations, The Honorable George W. Bush, President, United States of America, The Honorable Senators and Congress of the United States of America, David E. Graham, Chairman of the Board, the Washington Post Company, Mark W. Everson, Commissioner, Internal Revenue Service, John Danforth, United States Ambassador, The United Nations, and Ruth Bader Ginsburg, Associate Justice, the United States Supreme Court".

Attached to petitioner's letter are a variety of documents, including copies of court papers from the garnishment proceedings; correspondence; newspaper articles; legal materials, such as copies of statutes; and financial documents, such as copies of checks. These documents appear to involve petitioner's attempt to notify

various organizations, including the General Accounting Office, Office of the Inspector General of the Department of the Army, Office of the Governor of the State of Florida, Office of the Governor of the State of Texas, the Federal Bureau of Investigation, and others, of the injustice that he perceives took place when his wages were garnished to pay child support.

Whatever else might be said of petitioner's letter response to respondent's motion for summary judgment and the documents attached thereto, we perceive no connection between them and the deficiencies and additions to tax determined by respondent in the subject notices of deficiency. Nowhere in those documents does petitioner address his tax liabilities for taxable years 2000 and 2001 or present any basis on which to conclude that respondent erred in the determinations at issue in this case.

Neither petitioner's imperfect petition nor his amended petition makes a clear and concise assignment of any error which petitioner alleges was committed by the Commissioner in the subject determinations of his tax for 2000 or 2001, as required by the Rules of this Court. See Rule 34(b)(4). All Rule references are to the Tax Court Rules of Practice and Procedure. Thus, petitioner makes no justiciable claim in his pleadings. After the pleadings

had closed by at least 30 days, respondent filed the motion for summary judgment that is presently before the Court for decision.  In that motion, respondent presents matters outside the pleadings and asks the Court to grant summary judgment against petitioner.  A motion for summary judgment is appropriate in these circumstances.  See Rules 120(b) and 121.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

In this case, petitioner's response to respondent's motion for summary judgment does not deny respondent's proof, set forth in the declaration of respondent's trial attorney, and the exhibits attached thereto, that petitioner had received, and is subject to tax on, the income underlying respondent's determination of the tax deficiencies and additions to tax for 2000 and 2001. Petitioner's response does not address the notices of deficiency issued to him. Instead, he continues to advance his position that "the United States Department of Justice, the United States Department of Defense, the United States Postal Service and Internal Revenue Service are actively involved in unprecedented corruptions and criminality" and other extraneous matters involving the garnishment of his wages for child support.

By failing to assign any error to the notices of deficiency, including the additions to tax determined therein, petitioner is deemed to have conceded the deficiencies and additions to tax, and respondent is relieved of the burden of production under section 7491(c) to produce evidence that the additions to tax determined for 2000 and 2001 are appropriate. See Funk v. Commissioner, 123 T.C. 213, 217-218 (2004); Swain v. Commissioner, 118 T.C. 358, 363-365 (2002). Accordingly,

on the basis of the record of this case, we find that there is no genuine issue as to any material fact, and that a decision may be rendered for respondent as a matter of law.

It is necessary to give petitioner a word of warning. The Court considers petitioner's position in this case to be frivolous or groundless. It also appears that he has instituted or maintained these proceedings primarily for delay. Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears to the Court that: (a) Proceedings before it have been instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position in such proceeding is frivolous or groundless; or (c) the taxpayer unreasonably failed to pursue available administrative remedies. Sec. 6673(a)(1). Petitioner is hereby warned that the Court will not hesitate to impose a penalty under section 6673(a) against him in any appropriate case in the future.

Upon consideration of the above, including respondent's concession of the addition to tax under section 6651(a)(2),

<u>An appropriate order and decision granting respondent's motion for summary judgment</u>, <u>deemed to be a motion for partial summary judgment</u>, <u>will be entered</u>.