123 T.C. No. 11

UNITED STATES TAX COURT

RYAN DAVID FUNK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6743-04.                    Filed August 18, 2004.


     R determined a deficiency in P's 2001 Federal
income tax and an addition to tax under sec.
6651(a)(1), I.R.C.  P filed a petition with the Court
in which he asserted nothing but frivolous and
groundless arguments.  R moved to dismiss for failure
to state a claim upon which relief can be granted.  In
response to the Court's order directing P to file a
proper amended petition, P filed an amended petition
repeating the frivolous arguments contained in the
petition.

     At the hearing on R's motion, R asserted that he
did not bear a burden of production with regard to the
addition to tax determined in the notice of deficiency.
R filed a supplement to his motion in which he argued
that the burden of production imposed upon R under sec.
7491(c), I.R.C., with regard to additions to tax is not
applicable when the pleadings fail to state a claim for
relief.

**Held**: Because the petition and amended petition fail to state a justiciable claim for relief, R is not obliged to produce evidence in support of the addition to tax determined by R in the notice of deficiency.

**Held**, _further_, R's motion to dismiss will be granted and this case will be dismissed and decision entered in R's favor.

Ryan David Funk, pro se.

David A. Abernathy, Peter K. Reilly, and Jeremy L. McPherson, for respondent.

OPINION

DAWSON, _Judge_: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(5) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, _Chief Special Trial Judge_: This matter is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted. As explained in detail below, we shall grant respondent's motion.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Respondent issued a notice of deficiency to petitioner determining a deficiency of $1,369 in his 2001 Federal income tax and an addition to tax of $308.03[2] for failure to file a tax return under section 6651(a)(1).[3] Respondent determined that petitioner failed to report wages, interest, and dividend income.

Petitioner filed with the Court a petition for redetermination contesting the above-referenced notice of deficiency. In the 74-page petition, petitioner asserted that he is a "non-taxpayer", the Internal Revenue Service lacks "jurisdiction" over him, and the Internal Revenue Code does not include a provision that makes him liable for Federal income taxes. The petition does not contain specific allegations challenging respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1). Petitioner

---

[2]Respondent conceded that the $424.39 amount listed as due under sec. 6651(a)(1) on the cover page of the notice of deficiency was overstated inasmuch as it erroneously included an addition to tax of $116.37 under sec. 6651(a)(2). Respondent conceded that petitioner is not liable for an addition to tax under sec. 6651(a)(2) for the taxable year 2001.

[3]Sec. 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5 percent of the amount required to be shown as tax on such return for each month or fraction thereof during which such failure continues, up to a maximum addition of 25 percent for returns more than 4 months delinquent.

resided in Rocklin, California, at the time the petition was filed.

Respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted. The Court subsequently ordered petitioner to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiency and the addition to tax in dispute and separate statements of every fact upon which the assignments of error are based. In response to the Court's Order, petitioner filed an amended petition, an objection to respondent's motion, and a motion to dismiss for lack of subject matter jurisdiction. In each of the above-referenced documents, petitioner continued to assert the frivolous arguments set forth in the petition.[4]

Respondent's motion to dismiss was called for hearing at the Court's motions session held in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion to dismiss. No appearance was entered by or on behalf of petitioner at the hearing; however, petitioner filed with the Court a written statement pursuant to Rule 50(c).

---

[4]We summarily denied petitioner's motion to dismiss by Order dated June 16, 2004.

During the hearing, counsel for respondent failed to offer any evidence in support of respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1). Counsel for respondent asserted that it was respondent's position that he was not obligated to submit evidence in support of the addition to tax.

Following the hearing, the Court directed respondent to file a memorandum addressing the question whether respondent bears the burden of production under section 7491(c) with regard to the addition to tax under section 6651(a)(1). Respondent subsequently filed a supplement to his motion to dismiss in which he argued that, insofar as petitioner failed to state a claim upon which relief may be granted with respect to any issue, specifically including the addition to tax under section 6651(a)(1), respondent is not obliged to produce evidence in support of that determination.

## Discussion

Rule 34(b)(4) requires that a petition filed in this Court shall contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax or penalties in dispute. Rule 34(b)(5) further requires that the petition shall contain clear and concise lettered statements of the facts on which the taxpayer bases the

assignments of error.  <u>Jarvis v. Commissioner</u>, 78 T.C. 646, 658 (1982).  Any issue not raised in the pleadings is deemed to be conceded.  Rule 34(b)(4); <u>Jarvis v. Commissioner</u>, <u>supra</u> at 658 n.19; <u>Gordon v. Commissioner</u>, 73 T.C. 736, 739 (1980).  Further, the failure of a party to plead or otherwise proceed as provided in the Court's Rules may be grounds for the Court to hold such party in default, either on the motion of another party or on the initiative of the Court.  Rule 123(a); <u>Ward v. Commissioner</u>, T.C. Memo. 2002-147.

Generally speaking, because the taxpayer bears the burden of proof, the Commissioner's determinations in a notice of deficiency are presumed to be correct.  See Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933); cf. sec. 7491(a).

On the other hand, section 7491(c) provides that the Commissioner shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount.  Specifically, section 7491(c), which was enacted by the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001(a), 112 Stat. 726, provides as follows:

> SEC. 7491(c) Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any

> penalty, addition to tax, or additional amount imposed
> by this title.

Section 7491(c) is effective with respect to court proceedings arising in connection with examinations commencing after July 22, 1998. RRA 1998 sec. 3001(c)(1), 112 Stat. 727. There is no dispute that the examination in the present case commenced after July 22, 1998.

We agree with respondent that the petition and amended petition fail to state a claim upon which relief can be granted. Although it is evident that petitioner disagrees with respondent's determinations, the petition and amended petition lack either a clear and concise statement of the errors allegedly committed by respondent in the determination of the deficiency and addition to tax or a statement of the facts on which petitioner bases his assignments of error.[5] The petition and amended petition contain nothing more than frivolous rhetoric and legalistic gibberish, as demonstrated by the summary of the petition provided above.

---

[5]In an unreported income case, such as the present case, a taxpayer can reasonably be expected to state facts tending to show that the taxpayer was unemployed, earned a lower amount of income, or otherwise did not receive the payments reported to respondent by third-party payors. See Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997); White v. Commissioner, T.C. Memo. 1997-459. Further, where the Commissioner has determined an addition to tax under sec. 6651(a)(1) (failure to file) a taxpayer can reasonably be expected to state facts tending to show that the taxpayer's failure to file a tax return was reasonable or statutorily excused.

We see no need to catalog petitioner's arguments and painstakingly address them. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984).

The question that remains is whether respondent nevertheless must offer evidence in support of the addition to tax under section 6651(a)(1). Respondent cites our holding in Swain v. Commissioner, 118 T.C. 358 (2002), in support of his position that he is not obliged to offer such evidence in this case.

In Swain v. Commissioner, supra, the taxpayer filed a petition contesting a notice of deficiency in which the Commissioner determined that the taxpayer was liable for income tax deficiencies and accuracy-related penalties under section 6662(a) for the years in issue. In response to the petition, the Commissioner filed (and we granted) a motion to strike the vast majority of the allegations in the petition on the ground that such allegations were frivolous and groundless. The only allegation remaining in the petition related to the taxpayer's argument that the period of limitations on assessment had expired.

The Commissioner filed a motion for summary judgment asserting: (1) The undisputed facts showed that the notice of deficiency was mailed to the taxpayer within the 3-year period of limitations, and (2) no additional assignments of error remained with regard to the deficiencies and accuracy-related penalties. We granted the Commissioner's motion for summary judgment.

In granting the Commissioner's motion, we held that the Commissioner was relieved of the obligation imposed under section 7491(c) to produce evidence in support of the accuracy-related penalties determined in the notice of deficiency because the taxpayer was deemed to have conceded the penalties. Id. at 363. In so holding, we looked to Rule 34(b)(4) and the requirement that the taxpayer must assign error to each and every determination in a notice of deficiency, including issues with respect to which the Commissioner bears the burden of proof. Id. Consistent with our order striking all frivolous allegations from the petition, we concluded that the taxpayer had failed to challenge (and was deemed to have conceded) the penalties and, therefore, the Commissioner was not obliged under section 7491(c) to produce evidence that the penalties were appropriate. Id. at 364-365.

Extending and applying the rationale of Swain v. Commissioner, supra, to the circumstances presented in the present case, we agree with respondent that he has no obligation

under section 7491(c) to offer evidence in support of the addition to tax under section 6651(a)(1). As we see it, in the absence of a justiciable claim with respect to the addition to tax under section 6651(a)(1), petitioner is deemed to have conceded that item. See Rule 34(b)(4); Swain v. Commissioner, supra at 364-365; Jarvis v. Commissioner, 78 T.C. at 658 n.19. Stated differently, where a petition fails to state a claim in respect of penalties, additions to tax, and/or additional amounts, the Commissioner incurs no obligation to produce evidence in support of such determinations pursuant to section 7491(c). See, e.g., Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997) (the Commissioner has no obligation to investigate (or produce evidence with respect to) a third-party payment report that is not disputed by the taxpayer).

Consistent with the foregoing, we shall grant respondent's motion to dismiss, as supplemented, in that we shall enter a decision in this case sustaining respondent's determinations as set forth in the notice of deficiency issued to petitioner. See Rules 34(a)(1), 123(b); Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984).

We turn now to section 6673(a). As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by

the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  Although we shall not impose a penalty upon petitioner pursuant to section 6673, we nevertheless take this opportunity to admonish petitioner that the Court will consider imposing such a penalty should he return to the Court and advance similar arguments in the future.

To reflect the foregoing,

An order of dismissal and decision will be entered.