T.C. Memo. 2006-10


UNITED STATES TAX COURT



LORAN J. FORBES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11238-05L.          Filed January 24, 2006.



Loran J. Forbes, pro se.

John D. Faucher, for respondent.



MEMORANDUM OPINION


RUWE, Judge:  This case is before the Court on respondent's
motion to dismiss for failure to state a claim upon which relief

can be granted and to impose a penalty under I.R.C. section 6673 (motion to dismiss).[1]

On June 13, 2005, petitioner filed a petition with the Court. By order dated June 21, 2005, the Court directed petitioner to file a proper amended petition on or before August 5, 2005. Petitioner filed the amended petition on August 4, 2005, based upon notices of determination concerning collection action(s) under section 6320 and/or 6330. In the amended petition, petitioner seeks redetermination of the deficiency and review of lien and levy actions for the 1997, 2000, and 2001 tax years. Petitioner also alleges that "Notice of administrative judgment by estoppel with sixty three (63) exhibits is evidenced".

On September 6, 2005, respondent's motion to dismiss was filed. In his motion, respondent asserts that petitioner makes no factual claims of error and asserts only law and legal conclusions in the petition. Respondent further argues that petitioner's claims are "nonsensical on their face." On September 12, 2005, petitioner filed his objection to respondent's motion to dismiss. On November 30, 2005, petitioner's supplemental objection to respondent's motion to dismiss was filed.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On October 17, 2005, this Court calendared respondent's motion to dismiss for hearing at the Court's Los Angeles, California, trial session beginning December 5, 2005. When this case was called from the calendar at the trial session, there was no appearance by or on behalf of petitioner.

Rule 331(b)(4) provides that a petition filed in this Court shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination." Rule 331(b)(5) further provides that the petition shall contain "Clear and concise lettered statements of the facts on which the petitioner bases each assignment of error."

Pursuant to Rule 123(b), this Court may dismiss a case at any time and enter a decision against a taxpayer for failure to properly prosecute or to comply with the Court's Rules. See Goza v. Commissioner, 114 T.C. 176 (2000); Stephens v. Commissioner, T.C. Memo. 2005-183. Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted.

It appears that petitioner disagrees with respondent's determinations that it is appropriate to levy on petitioner's property and to file a notice of Federal tax lien to collect petitioner's tax and penalty liabilities. The petition and the amended petition, however, lack a clear and concise statement of

the errors allegedly committed by respondent or a statement of facts that form the basis of petitioner's assignments of error. Petitioner failed to allege any facts that indicate that respondent abused his discretion in determining that it is appropriate to levy on petitioner's property and to file a notice of Federal tax lien.

We find that petitioner's claims state no justiciable basis on which this Court may grant him relief. Petitioner claims that "administrative judgment by estoppel" and the Uniform Commercial Code (U.C.C.) provide him with relief. The U.C.C. argument he asserts is similar to the argument that petitioner advanced in a prior proceeding for the 1999 taxable year. In Forbes v. Commissioner, docket No. 15591-03L, this Court found that petitioner's argument was frivolous and groundless. We find that the petition, the amended petition, and other documents petitioner has filed contain only incoherent arguments and meaningless legalistic language. "A petition that makes only frivolous and groundless arguments makes no justiciable claim, and it is properly subject to a motion for judgment on the pleadings." Nis Family Trust v. Commissioner, 115 T.C. 523, 539 (2000). Therefore, we shall grant respondent's motion to dismiss. See Funk v. Commissioner, 123 T.C. 213, 216-217 (2004) (finding that a petition and an amended petition failed to state a claim upon which relief could be granted when they lacked a

clear statement of error and contained "nothing more than frivolous rhetoric and legalistic gibberish").

Respondent also requests that this Court impose a penalty pursuant to section 6673 because petitioner has instituted the proceeding primarily for delay. Respondent further contends that petitioner's position is groundless or frivolous, and that petitioner filed this petition as a protest to paying income taxes.

Section 6673(a)(1) provides that this Court may require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that: (1) The taxpayer instituted or maintained the proceedings primarily for delay; (2) the taxpayer's position in the proceeding is groundless or frivolous; or (3) the taxpayer unreasonably failed to pursue available administrative remedies.

Petitioner has been notified repeatedly that this Court might impose a penalty pursuant to section 6673(a)(1) if he continued to assert frivolous arguments. Petitioner lodged with the Court what he captioned a "Commercial notice of administrative judgment by estoppel with respect to notice of international commercial claim within the admiralty administrative remedy agreement/contract file number LJF09092004 & UCC financing statement file number 05-7017217898" (commercial notice). Attached to the commercial notice was a letter from the

IRS Appeals Office dated September 9, 2004, which informed petitioner that this Court may require a taxpayer to pay a penalty to the United States when the taxpayer's position is frivolous or groundless, or when the taxpayer institutes or maintains a proceeding primarily for delay. Also attached were several letters in which respondent's settlement officers denied petitioner's request for a face-to-face conference. In those letters, respondent's settlement officers informed petitioner that

> all of the positions or issues you raised in your CDP request are items either that:
>
>> 1. Courts have determined are frivolous or groundless, or
>> 2. Appeals otherwise does not consider. These are moral, religious, political, Constitutional, conscientious, or similar grounds. * * *

Furthermore, this Court has previously cautioned petitioner that asserting these frivolous arguments might result in a penalty pursuant to section 6673(a)(1). On August 13, 2004, this Court entered an order and decision in docket No. 15591-03L that respondent could proceed with the collection action for petitioner's 1999 taxable year. The Court issued the following warning to petitioner: "We will not impose a penalty upon petitioner pursuant to section 6673(a)(1) at this time. Nevertheless, we take this opportunity to admonish petitioner

that the Court will consider imposing such a penalty if petitioner returns to the Court and advances similar arguments in the future."

Documents that petitioner attached to the commercial notice indicate that, after this Court's disposition of petitioner's previous case involving his 1999 liability, he filed a U.C.C. Financing Statement describing the Judge in that case and numerous employees of the Internal Revenue Service as debtors. These documents indicate that the U.S. Department of Justice has filed a complaint alleging that petitioner filed the U.C.C. Financing Statement for purposes of retaliation and harassment. At the trial session, respondent confirmed that petitioner had filed the U.C.C. Financing Statement and that the U.S. Department of Justice had begun the process of removing the lien arising from that Financing Statement.

We find that petitioner has asserted frivolous and groundless arguments in this proceeding, which are similar to those advanced in his prior case before this Court. We also find that petitioner instituted this proceeding primarily for delay. We hold that petitioner is liable for a $20,000 penalty pursuant to section 6673(a)(1).

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.