T.C. Memo. 2006-42

UNITED STATES TAX COURT

ROY JAY STALLARD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17364-05.               Filed March 15, 2006.

Roy Jay Stallard, pro se.

Michelle L. Maniscalco, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted and to impose a penalty under section 6673 (respondent's motion).[1]

_____

[1]All section references are to the Internal Revenue Code in
                                        (continued...)

## Background

On September 16, 2005, petitioner filed a petition with respect to the notice of deficiency (notice) which respondent issued to him for his taxable year 2002 and in which respondent determined, inter alia, a deficiency of $52,174 in petitioner's Federal income tax (tax) for that year.[2]  The petition contains statements, contentions, and arguments that the Court finds to be frivolous and groundless.  For example, the petition states in pertinent part:

> 1.  I request that the balance due in the amount of 1,371.00,[3] found and shown on line 16 of the Form 4549A, attached to the subject notice of deficiency be redetermined and set to zero, or in the alternative that the notice of deficiency be remanded to the IRS for perfection.
>
> 2.  I am entitled to the relief requested because, as stated by the Secretary of Treasury at 26 CFR 601.102(f)(1):  "Rule 1.  An exaction by the United States Government, which is not based upon law statutory OR OTHERWISE, is a taking of property without due process of law, in violation of the Fifth Amendment to the U. S. Constitution.

---

[1](...continued)
effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]In the notice, respondent also determined additions to petitioner's tax under sec. 6651(a)(2) and (f) for his taxable year 2002.  In respondent's motion, respondent concedes those additions to tax.

[3]In the notice, respondent determined a deficiency of $52,174 in petitioner's tax for his taxable year 2002.  The notice further showed "Adjustments to Prepayment Credits" of $50,803 and a "Balance Due" of $1,371 (excluding interest and penalties).

Accordingly, an Appeals representative in his or her conclusions of fact or application of the law * * * shall hew to the law and the recognized standards of legal construction. It shall be his or her duty to determine the correct amount of the tax, with strict impartiality as between the tax-payer and the Government, and without favoritism or discrimination as between taxpayers." (emphasis added).

3. Unlike the penalties proposed at lines 7a and 7b of the Form 4549A attached to the notice of defi-ciency, <u>infra</u>, the Form 4549A report does not give any notice of the law, statutory **or otherwise**, which was applied in concluding that I was, indeed, the person made liable for the payment of the purported debt. This omission raises the question of whether or not liability to pay might arises out of some non-statutory law. Whatever the case may be, the notice of defi-ciency does not give fair notice of it.

4. Because, with respect to a tax imposed on the transfer of property, the person made liable for its payment may be the transferor, transferee or as in the case of the death tax, a third party, due process requires that Congress identify the person made liable for payment of each tax imposed, and so it usually does. The legal personality of each person made liable for the payment every other tax imposed by Congress is described clearly within the IRC, but such is not the case with regard to the purported tax debt here. There is neither an Act of Congress nor a Treasury Regulation which clearly and unequivocally identifies the person made liable for the payment of the purported tax debt. [Reproduced literally.]

On November 2, 2005, respondent filed respondent's motion. On November 17, 2005, the Court issued an Order (Court's November 17, 2005 Order) in which it ordered petitioner to file a written response to respondent's motion by December 9, 2005. In that Order, the Court also indicated that the petition contains statements, contentions, and arguments that the Court finds to be

frivolous and groundless.  In the Court's November 17, 2005

Order, the Court reminded petitioner about section 6673(a)(1) and

admonished him as follows:

> In the event that petitioner continues to advance
> frivolous and/or groundless statements, contentions,
> and arguments, the Court will be inclined to impose a
> penalty not in excess of $25,000 on petitioner under
> section 6673(a)(1), I.R.C.

On December 6, 2005, the Court received from petitioner one

document (petitioner's document) which contained (1) "PETI-

TIONER'S MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO

DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE

GRANTED AND TO IMPOSE A PENALTY UNDER I.R.C. § 6673" and (2) an

"AMENDED PETITION".  On December 7, 2005, the Court had that

document returned to petitioner unfiled because an amended

petition must be separate from any other document furnished to

the Court and must bear petitioner's original signature.

On January 6, 2006, petitioner filed an amended petition.

In total disregard of the Court's November 17, 2005 Order,

petitioner included in the amended petition statements, conten-

tions, and arguments that the Court finds to be frivolous and

groundless.  For example, the amended petition states in perti-

nent part:

### ASSIGNMENTS OF ERROR, FACTUAL BASIS AND RELIEF REQUESTED

**a.**
**The notice of deficiency is notice in name only and
does not meet due process of law requirements for notice**

4.  The notice of deficiency is ambiguous and without legal effect.  The error is an error of omission.  Commissioner erred in drafting and issuing the document captioned "notice of deficiency" in that he omitted certain fundamental elements due process of law requires for such notice to have substantive legal effect.

**FACTS**

a.  On the notice of deficiency or the accompanying documents there is no unequivocal statement of the law, statutory or otherwise[1], by which the purposed tax debt was established.

b.  On the notice of deficiency or the companying documents there is no unequivocal statement of the law, statutory or otherwise that identifies the legal personality of the person made liable for payment of the purported debt.

c.  On the notice of deficiency or the accompanying documents there is no unequivocal statement of fact, made under penalty of perjury, that brings the impact of the law specified in 2 and 3 above, against me.

d.  On the notice of deficiency or the accompanying documents there is no unequivocal statement of fact, made under penalty of perjury that brings the impact of the statutes imposing the penalties against me.

5.  I request that the court redetermine all of the liabilities purported on the notice of deficiency and the accompanying documents and set it them to zero on account of the facial defects of the so-called notice.

_____

[1]26 CFR 601.106(f)(1)

## b.
## Liability for payment of debt, line 16.

6.   The Commissioner erred in determining that I am the person made liable for the payment of $1,371.00[4] * * *.   The error is an error of commission.

**FACTS**

a.   Either I am or I am not the person made liable by a particular statutory provision that describes the person made liable or for payment, or in the alternative, I am or I am not made liable for its payment by non-statutory law.   We are left to guess at what that law might be, but whatever the law might be, I deny liability for want of notice.

b.   The Commissioner made a determination based upon presumption or inference rather than law and fact. Because the notice of deficiency does not specify the law or fact upon which determination of liability shown on line 16 is based, I am without knowledge as to the basis for the purported debt due to the Commissioner's non-disclosure of it, and therefor I am unable to frame a more specific assignment of error.

7.   I request that the amount shown on line 16 of the form 4595A be set to zero for want of any factual or legal basis or because the amount shown was determined by inference, presumption, wishful thinking or some other inappropriate methodology, but not by the application of specific law to specific fact.   Revenue Due process is not some carnival guessing game where the law is hidden under a shell and the player may be slapped with an outrageous penalty for failing to detect the palming of it by a debt trickster.

On January 5, 2006, the Court issued an Order in which it (1) noted that it had returned unfiled to petitioner on December 7, 2005, petitioner's document that the Court received from petitioner on December 6, 2005, and (2) ordered petitioner to

---

[4]See _supra_ note 3.

file a written response to respondent's motion by January 31, 2006.

On January 9, 2006, the Court received from petitioner a "Certificate of Service" (petitioner's certificate of service), but no document was submitted to the Court with that certificate. On January 13, 2006, the Court had petitioner's certificate of service returned to petitioner unfiled with a reminder to petitioner that a written response to respondent's motion must be received by the Court by January 31, 2006. The Court did not receive from petitioner any such written response.

On February 2, 2006, respondent filed a supplement to respondent's motion (respondent's supplement to respondent's motion). Respondent attached as an exhibit to that supplement a document entitled "PETITIONER'S MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND TO IMPOSE A PENALTY UNDER I.R.C. § 6673" (petitioner's memorandum in opposition) that petitioner served on respondent on December 6, 2005. In total disregard of the Court's November 17, 2005 Order, petitioner included in petitioner's memorandum in opposition that petitioner served on respondent on December 6, 2005, statements, contentions, and arguments that the Court finds to be frivolous and groundless.

On February 22, 2006, the Court issued an Order in which it ordered the Clerk of the Court to file as of February 2, 2006, as

petitioner's response to respondent's motion a copy of petitioner's memorandum in opposition that respondent attached as an exhibit to respondent's supplement to respondent's motion.

<u>Discussion</u>

Rule 34(b) provides in pertinent part that a petition with respect to a notice of deficiency is to contain:

> (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency * * *. * * * Any issue not raised in the assignments of error shall be deemed to be conceded. * * *
> (5) Clear and concise lettered statements of the facts on which the petitioner bases the assignments of error * * *.

The petition that petitioner filed on September 16, 2005, and the amended petition that petitioner filed on January 6, 2006, do not contain (1) a clear and concise statement of the errors allegedly committed by respondent in determining the deficiency with respect to petitioner's taxable year 2002 and (2) a clear and concise statement of the facts that form the basis of petitioner's assignments of alleged error. We conclude that both the petition and the amended petition that petitioner filed do not comply with the Tax Court Rules of Practice and Procedure as to the form and content of a petition.

Moreover, we have found that the petition and the amended petition that petitioner filed contain statements, contentions, and arguments that are frivolous and groundless. "A petition

that makes only frivolous and groundless arguments makes no justiciable claim". <u>Nis Family Trust v. Commissioner</u>, 115 T.C. 523, 539 (2000); see also <u>Funk v. Commissioner</u>, 123 T.C. 213, 216-217 (2004) (a petition and an amended petition did not state a claim upon which relief may be granted where they lacked a clear statement of error and contained "nothing more than frivolous rhetoric and legalistic gibberish").

We find that petitioner's claims in the petition and the amended petition state no justiciable basis upon which relief may be granted.

In respondent's motion, respondent also asks the Court to impose a penalty on petitioner under section 6673. Section 6673(a)(1) states in pertinent part:

> Whenever it appears to the Tax Court that--
>
> (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, [or]
>
> (B) the taxpayer's position in such proceeding is frivolous or groundless, * * *
>
> the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

In the Court's November 17, 2005 Order, the Court, inter alia, indicated that the petition contains statements, contentions, and arguments that the Court finds to be frivolous and groundless. In that Order, the Court reminded petitioner about section 6673(a)(1) and admonished him that, in the event he

continued to advance frivolous and/or groundless statements, contentions, and arguments, the Court would be inclined to impose a penalty not in excess of $25,000 on him under section 6673(a)(1).  In total disregard of the admonitions in the Court's November 17, 2005 Order, petitioner included in the amended petition and in petitioner's memorandum in opposition, which he served on respondent on December 6, 2005, and which the Court had filed as petitioner's response to respondent's motion,[5] statements, contentions, and arguments that the Court finds to be frivolous and groundless.

Petitioner is no stranger to this Court.  He previously raised frivolous challenges to determinations that the Commissioner of Internal Revenue made with respect to certain of his other taxable years.  Stallard v. Commissioner, T.C. Memo. 1992-593.[6]  In Stallard, we imposed a penalty of $8,000 on petitioner under section 6673(a)(1) because he advanced frivolous arguments in that case.  Id.

We find that petitioner remains undeterred in advancing frivolous and groundless statements, contentions, and arguments. We further find that petitioner has instituted this proceeding

---

[5]The Court had petitioner's memorandum in opposition filed as petitioner's response to respondent's motion as of Feb. 2, 2006.

[6]See Stallard v. Commissioner, 1993 U.S. App. LEXIS 21011 (D.C. Cir., June 29, 1993) (granting motion to dismiss appeal for improper venue).

primarily for delay.  Under the circumstances presented, we shall impose a penalty of $25,000 on petitioner under section 6673(a)(1).

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.