T.C. Summary Opinion 2006-137

UNITED STATES TAX COURT

DALE KINSLOW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1684-05S.          Filed August 30, 2006.

Dale Kinslow, pro se.

<u>Trent D. Usitalo</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

This matter is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.  In his motion, respondent moves for

adjudication for all legal issues in controversy and asks that the Court impose a penalty on the taxpayer, pursuant to sec. 6673, I.R.C., for maintaining frivolous arguments.

Because this is the second case in which petitioner raised the same frivolous arguments, and because he had prior warning, the Court, in granting respondent's motion, is imposing a penalty of $5,000.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner resided in North Dakota when his petition was filed in this case.

## Background

Respondent filed substitute returns for petitioner for the tax years 1997, 1998, and 1999, determining the following deficiencies in Federal income tax, and additions to tax:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) |
|------|------------|----------------------------------|
| 1997 | $5,427 | $348.75 |
| 1998 | 7,422 | 409.28 |
| 1999 | 7,146 | 464.40 |

Respondent issued a notice of deficiency from which petitioner filed a petition with the Court.  During 1997, 1998, and 1999, petitioner received wages from Peterson Mechanical,

Inc., for his work as a pipe fitter, and received interest income from an account with United Savings Credit Union as follows:

|          | 1997      | 1998      | 1999      |
|----------|-----------|-----------|-----------|
| Wages    | $37,166   | $45,196   | $44,482   |
| Interest | 51        | 48        | 49        |

Also in 1997, petitioner received a $398 income tax refund from the State of North Dakota.

After receiving the notice of deficiency, petitioner communicated to respondent of his right to "opt out" of the Federal tax system, reasoning that there was "no law" obligating him to pay income tax. In reply, respondent informed petitioner that his beliefs regarding the Federal tax system were both incorrect and without merit. To this end, respondent sent petitioner a 33-page document entitled "The Truth About Frivolous Tax Arguments." This article contained detailed responses to some of the arguments commonly raised by individuals who oppose compliance with the Federal tax laws.

Respondent's deficiencies and additions to tax were subsequently sustained in full in the Court's decision in Kinslow v. Commissioner, T.C. Memo. 2002-313. In Kinslow, the Court ordered petitioner to pay a penalty in the amount of $1,000, pursuant to section 6673.

Following Kinslow, respondent assessed the deficiencies, additions to tax, and interest, and proceeded to attempt to

collect the unpaid tax liabilities. In this regard, respondent initiated a Collections and Due Process (CDP) case under section 6330. In his petition and CDP hearing, petitioner continued to argue that his compliance with the Federal tax system was voluntary. He did not raise any other issues aside from his contention that he should not have to pay taxes due to the voluntary and inherently unfair nature of the Federal tax system. He did not proffer any spousal defenses pursuant to section 6015, challenge the appropriateness of the collection action, or offer any collection alternatives pursuant to section 6330(c)(2).

In his petition to the Court and his objection to respondent's pending motion, petitioner continues to defend his refusal to pay his income tax liabilities until respondent "produces the law that states he is liable for the tax."

Respondent's present motion for summary judgment leads the Court to consider the following issues:

(1) Whether respondent met all of the legal and administrative requirements for the proposed collection action. We hold that he has.

(2) Whether petitioner conceded respondent's determination that the proposed collection action was not more intrusive than necessary. We hold that he has.

(3) Whether petitioner conceded that no other issues pursuant to section 6330(c)(2)(A) should have been considered by respondent during petitioner's CDP hearing. We hold that he has.

(4) Whether the Court should impose a penalty against petitioner pursuant to section 6673 for maintaining frivolous arguments. For the reasons stated herein, we impose a $5,000 penalty on petitioner under section 6673.

## Discussion

### I. Requirements for the CDP Action

Section 6303(a) provides that the "Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." For the taxable years at issue-- 1997, 1998, and 1999--respondent issued petitioner a notice and demand for payment on March 1, 2004, the same day as the assessment. Accordingly, we find that respondent met his statutory requirement in issuing the notice and demand for payment within 60 days of the assessment of the underlying tax.

We next consider whether petitioner has filed an adequate petition in response to the notice of determination. Rule 331(b)(4) requires that a petition must contain clear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination. Any

issues not otherwise raised in these assignments of error are deemed conceded. Id.

In his underlying petition, petitioner made no such assignments of error with respect to respondent's determination. The petition only contained statements that petitioner objected to the determination on the basis that the Federal tax system was both voluntary and inherently unfair. Accordingly, pursuant to Rule 331(b)(4), the Court holds that petitioner conceded all other issues relevant to the notice of determination.

We finally consider whether respondent has verified, pursuant to section 6330(c)(1), that all of the requirements of applicable law or administrative procedure were satisfied with respect to the CDP action. The underlying record contains the declaration of Monty Luhmann (Mr. Luhmann), a settlement officer with respondent's Office of Appeals, in which Mr. Luhmann attested to the underlying tax and penalty assessments made against petitioner for the years 1997, 1998, and 1999. Mr. Luhmann's attestation was based upon his review of respondent's transcripts generated by its Integrated Data Retrieval System. These transcripts contain petitioner's name, Social Security number, the amounts assessed, and gross and taxable income. The Court has held that the use of records containing such information by an Appeals officer is not an abuse of discretion when used to verify an assessment. Kuglin v. Commissioner, T.C.

Memo. 2002-51.  Moreover, Mr. Luhmann's declaration verified that the notice and demand for tax was sent to petitioner within 60 days of the assessment.

Accordingly, we hold both that respondent was in compliance with all legal and administrative procedures with respect to the CDP action, and that petitioner conceded all other issues by not providing a clear and concise assignment of error.

## II.  CDP Not More Intrusive Than Necessary

Rule 331(b)(4) requires that a petition must contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed in the notice of determination, including whether the proposed collection action is more intrusive than necessary.  Any issue not otherwise raised in these assignments of error is deemed conceded.  Id.  Petitioner did not raise any issue with respect to whether or not the proposed collection action was more intrusive than necessary in his petition.  Accordingly, and pursuant to Rule 331(b)(4), we hold that petitioner conceded this issue.

## III.  Concession of Issues at CDP Hearing

Section 6330(c)(2)(A) provides:

> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alterative, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

Petitioner singularly argued, both in his petition and at his CDP hearing, that he was not obligated to pay his Federal income taxes because respondent had failed to provide him with the law providing as such, and because the Federal tax system is inherently unfair.  As we have previously discussed, Rule 331(b)(4) expressly requires that petitioner provide a clear assignment of errors with respect to respondent's notice of determination.  The underlying petition was silent as to any errors made by respondent, and petitioner continued to raise his singular challenge based on the veracity and fairness of the Federal tax system at his CDP hearing.  Accordingly, and pursuant to section 6330(c)(2)(A), we must hold that petitioner conceded all other issues related to the proposed collection action.

IV.  Penalty for Maintaining Frivolous Arguments

Petitioner has been on notice since at least 2000 that his arguments concerning his income and his liability for income tax are frivolous.[1]  However, despite this notice, petitioner has repeatedly maintained his arguments to respondent and the Court.

---

[1] Respondent sent petitioner numerous copies of an article entitled "The Truth About Frivolous Tax Court Arguments", both prior to the date that Kinslow v. Commissioner, T.C. Memo. 2002-313, was filed and as part of the present CDP case.

Nothing in petitioner's arguments suggests any justiciable dispute with respect to the income determinations or additions to tax made by respondent.  <u>Funk v. Commissioner</u>, 123 T.C. 213 (2004).

Accordingly, and given that this is the second time that petitioner comes before the Court with the same frivolous arguments, we award a penalty to the United States in the amount of $5,000, pursuant to section 6673.

For the reasons stated herein, respondent's motion for summary judgment will be granted under Rule 121.  The order and decision granting respondent's motion will require petitioner to pay a penalty to the United States in the amount of $5,000 pursuant to section 6673.

Reviewed and adopted as the report of the Small Tax Case Division.  To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.