T.C. Memo. 2006-194

UNITED STATES TAX COURT

BLAIR HANLOH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 590-06.                    Filed September 11, 2006.

Blair Hanloh, pro se.

Miles D. Friedman, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion to dismiss for failure to state a claim upon which
relief can be granted and to impose a penalty under section 6673
(respondent's motion).[1]

_____

        [1]All section references are to the Internal Revenue Code in
                                                    (continued...)

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Long Beach, California, at the time he filed the petition in this case.

On January 9, 2006, petitioner filed a petition with respect to the notice of deficiency (notice) which respondent issued to him for his taxable year 2003 and in which respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioner's Federal income tax (tax) for that year of $69,348 and $13,870, respectively.  The petition contains statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.  For example, the petition states in pertinent part:

> Petitioner's fundamental claim is that the entire
> "deficiency" notice is invalid as a matter of law,
> because: (1) the alleged "deficiency" at issue is, in
> reality, Petitioner's "total" alleged tax liability for
> 2003; (2) the alleged "deficiency" was determined
> without making a determination that a prior, 6201
> assessment, was "imperfect and incomplete";
> (3) Respondent has no tax return showing a "tax due"
> greater than the "zero" amount shown on Petitioner's
> 2003 income tax return; and (3) no statutes makes
> Petitioner "liable" for the income taxes at issue.
> [Reproduced literally.]

---

[1](...continued)
effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

On March 21, 2006, the Court issued an Order (Court's March 21, 2006 Order) in which, inter alia, the Court indicated that the petition contains statements, contentions, and arguments that the Court finds to be frivolous and/or groundless. In the Court's March 21, 2006 Order, the Court also reminded petitioner about section 6673(a)(1) and admonished him as follows:

> In the event that petitioner continues to advance frivolous and/or groundless contentions and arguments, the Court will be inclined to impose a penalty not in excess of $25,000 on petitioner under section 6673(a)(1), I.R.C.

On April 7, 2006, the Court received from petitioner a document entitled "OPPOSITION TO RESPONDANTS [sic] MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND TO IMPOSE A PENALTY UNDER I.R.C. 6673 & RESTATEMENT OF PETITIONERS [sic] CLAIM". The Court had that entire document filed as petitioner's response to respondent's motion (petitioner's response) and a part of it filed as an amended petition. In total disregard of the Court's March 21, 2006 Order, petitioner included in petitioner's response and the amended petition certain statements, contentions, and arguments that the Court finds to be frivolous and/or groundless. In fact, petitioner included in petitioner's response and the amended petition certain frivolous and/or groundless statements, contentions, and arguments that are identical to certain frivolous and/or

groundless statements, contentions, and arguments that petitioner advanced in the petition.

On May 11, 2006, respondent filed a supplement to respondent's motion (respondent's supplement). On June 12, 2006, the Court received from petitioner a document that the Court had filed as petitioner's response to respondent's motion as supplemented. In total disregard of the Court's March 21, 2006 Order, petitioner included in petitioner's response to respondent's motion as supplemented certain frivolous and/or groundless statements, contentions, and arguments that are identical to certain frivolous and/or groundless statements, contentions, and arguments that petitioner advanced in the petition.

### Discussion

Rule 34(b) provides in pertinent part that a petition with respect to a notice of deficiency is to contain:

> (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency * * *. * * * Any issue not raised in the assignments of error shall be deemed to be conceded. * * *
> (5) Clear and concise lettered statements of the facts on which the petitioner bases the assignments of error * * *.

The petition that petitioner filed on January 9, 2006, and the amended petition that petitioner filed on April 7, 2006, do not contain (1) a clear and concise statement of the errors allegedly committed by respondent in determining the deficiency

with respect to petitioner's taxable year 2003 and (2) a clear and concise statement of the facts that form the basis of petitioner's assignments of alleged error.  We conclude that both the petition and the amended petition do not comply with the Tax Court Rules of Practice and Procedure as to the form and content of a petition.

Moreover, we have found that the petition and the amended petition contain statements, contentions, and arguments that are frivolous and/or groundless.  "A petition that makes only frivolous and groundless arguments makes no justiciable claim".  Nis Family Trust v. Commissioner, 115 T.C. 523, 539 (2000); see also Funk v. Commissioner, 123 T.C. 213, 216-217 (2004) (a petition and an amended petition did not state a claim upon which relief may be granted where they lacked a clear statement of error and contained "nothing more than frivolous rhetoric and legalistic gibberish").

We find that petitioner's claims in the petition and the amended petition state no justiciable basis upon which relief may be granted.

In respondent's motion, respondent also asks the Court to impose a penalty on petitioner under section 6673.  Section 6673(a)(1) provides in pertinent part:

SEC. 6673.  SANCTIONS AND COSTS AWARDED BY COURTS.

 *       *       *       *       *       *       *

(1) * * * Whenever it appears to the Tax Court that--

> (A) proceedings before it have been insti-
> tuted or maintained by the taxpayer primarily for
> delay, [or]

> (B) the taxpayer's position in such a pro-
> ceeding is frivolous or groundless, * * *

the Tax Court, in its decision, may require the tax-
payer to pay to the United States a penalty not in
excess of $25,000.

In the Court's March 21, 2006 Order, the Court, inter alia, indicated that the petition contains statements, contentions, and arguments that the Court finds to be frivolous and/or groundless. In that Order, the Court reminded petitioner about section 6673(a)(1) and admonished him that, in the event he continued to advance frivolous and/or groundless contentions and arguments, the Court would be inclined to impose a penalty not in excess of $25,000 on him under section 6673(a)(1).  In total disregard of the admonitions in the Court's March 21, 2006 Order, petitioner included in petitioner's response, the amended petition, and petitioner's response to respondent's motion as supplemented statements, contentions, and arguments that we have found above to be frivolous and/or groundless.

Petitioner is no stranger to this Court.  He previously advanced frivolous and groundless arguments in Hanloh v. Commis-sioner, docket No. 11986-05L.  In that case, on November 7, 2005,

the Court entered an Order of Dismissal and Decision in which the Court granted respondent's motion to dismiss for failure to state a claim upon which relief can be granted in that the case was dismissed on the ground that the pleadings failed to state a claim upon which relief could be granted.  In that Order of Dismissal and Decision, the Court also stated:

> Although we will not impose a penalty [under section 6673(a)(1)] on petitioner in this case, we will take this opportunity to admonish petitioner that the Court will consider imposing such a penalty should he return to the Court and advance similar arguments in the future.

We find that petitioner remains undeterred in advancing frivolous and/or groundless statements, contentions, and arguments.  We further find that petitioner has instituted this proceeding primarily for delay.  Under the circumstances presented, we shall impose a penalty of $25,000 on petitioner under section 6673(a)(1).

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.