T.C. Memo. 2010-123

UNITED STATES TAX COURT

RICHARD A. EICHINGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9843-08.                    Filed June 7, 2010.

Richard A. Eichinger, pro se.

<u>James R. Bamberg</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  Respondent has determined a deficiency of
$3,500 and an addition to tax of $367 (for late filing) with
respect to petitioner's 2006 Federal income tax.[1]  The issues for
decision are whether petitioner is entitled to any dependency

---

[1]We round all amounts to the nearest dollar.

exemption deduction, any child tax credit, and head of household filing status, as well as whether petitioner is liable for the addition to tax.

Unless otherwise stated, all section references are to the Internal Revenue Code in effect for 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Some facts have been stipulated and are so found.[2] The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. We need find few facts in addition to those stipulated and shall not, therefore, separately set forth our findings of fact.

Petitioner bears the burden of proof as to the deficiency. See Rule 142(a).[3]

Background

Petitioner resided in Ohio at the time he filed the petition. He and his ex-wife, the parents of two children,

---

[2]On brief, petitioner objects to "Respondent's stipulations of fact" because they "were hastily obtained while Petitioner was in stress while preparing for * * * [trial]" the next day. The stipulation of facts is, in fact, a joint stipulation, executed by both parties. At trial, the Court asked petitioner whether he wanted the stipulation to come into evidence. He answered, without qualification: "Yes." Petitioner has failed to convince us that we should not find the stipulated facts.

[3]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. We conclude that sec. 7491(a) does not apply here because petitioner has not produced any evidence that he has satisfied the preconditions for its application.

divorced in 2001. At that time, the divorce court awarded petitioner's ex-wife sole custody of the children.

Petitioner filed his 2006 Federal income tax return on April 26, 2007. On that return, petitioner claimed two dependency exemption deductions, a child tax credit, and head of household filing status. Respondent disallowed the deductions, the credit, and that filing status.

## Discussion

### I. The Dependency Exemption Deductions

Section 151 allows deductions for personal exemptions. An unmarried individual is entitled to a personal exemption for himself or herself and an additional exemption for each dependent. See sec. 151(c). The term "dependent" is defined in section 152(a) to include either a "qualifying child" or a "qualifying relative". Those terms are, in turn, defined in section 152(c) and (d), respectively. Although petitioner has filed a brief, he has failed to follow Rule 151(e)(3) and to provide in his brief "[p]roposed findings of fact * * * based on the evidence * * * [with] references to the * * * transcript or the exhibits or other sources relied upon" that would allow us to conclude that the children were either qualifying children or qualifying relatives. Moreover, our own examination of the record shows no such qualification. For instance, there is insufficient evidence that the children lived with petitioner for

more than one-half of 2006, see sec. 152(c)(1)(B), and no evidence directed at the self-support requirement of section 152(c)(1)(D) for that year, both of which petitioner must show to prove that the children were qualifying children under section 152(c)(1). Petitioner has also failed to show that the children would be qualifying children or qualifying relatives under the special rule for divorced parents found in section 152(e). Put simply, petitioner has failed to carry his burden of proving his entitlement to any dependency exemption deduction.

## II.  The Child Tax Credit

Section 24(a) allows a $1,000 tax credit to a taxpayer for each "qualifying child", which, as pertinent to this case, means "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17." See sec. 24(c)(1). Because petitioner has failed to show that either of the children is a qualifying child under section 152(c), he has failed to prove his entitlement to any child tax credit.

## III.  Head of Household Filing Status

Section 1(b) applies an advantageous tax rate to the taxable income of an individual who qualifies as "head of a household". Compare sec. 1(b) with sec. 1(c) (rate generally applicable to taxable income of unmarried individuals). As pertinent to this case, the term "head of a household" is defined in section 2(b)(1) to mean an individual unmarried at the end of the taxable

year who, among other things, "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of * * * [among others] a qualifying child * * * (as defined in sec. 152(c) * * *)".  For reasons similar to those discussed above, petitioner has failed to prove his entitlement to head of household filing status.

IV.  The Failure To File Penalty

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing) unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect.  The amount of the addition is equal to 5 percent of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25 percent for returns more than 4 months delinquent.  Id.

Because petitioner failed to assign error to respondent's determination of a section 6651(a)(1) addition to tax, we deem that issue conceded by petitioner.  See Rule 34(b)(4); see also

<u>Funk v. Commissioner</u>, 123 T.C. 213, 215-216 (2004).  In any event, the facts establish that petitioner filed his 2006 return late, on April 26, 2007.

<u>Decision will be entered</u>

<u>for respondent</u>.