T.C. Summary Opinion 2012-114

UNITED STATES TAX COURT

WILLIAM K. CHEUNG AND LIZHEN J. CHEUNG, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6891-12S.                    Filed November 19, 2012.

William K. Cheung and Lizhen J. Cheung, pro sese.

Alina N. Solodchikova, for respondent.

SUMMARY OPINION

CHIECHI, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursu-

_____

[1]Unless otherwise indicated, all section references hereinafter are to the
Internal Revenue Code (Code) in effect for the year at issue.  All Rule references
are to the Tax Court Rules of Practice and Procedure.

ant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case is before the Court on respondent's motion for summary judgment (respondent's motion). The Court will grant respondent's motion.

Background

All of the facts for purposes of resolving respondent's motion have been stipulated and are so found.

Petitioners resided in Virginia at the time they filed the petition.

On October 31, 2003, petitioner William K. Cheung (Mr. Cheung) purchased certain property (Vidalia property) on Vidalia Court in Dumfries, Virginia (Dumfries), moved into the house (Vidalia house) on that property, and resided there until March 31, 2009.

On July 26, 2004, Mr. Cheung married petitioner Lizhen Cheung (Ms. Cheung) in Nanjing City, Jiangsu Province, People's Republic of China. On January 18, 2006, Ms. Cheung moved into the Vidalia house and resided there with Mr. Cheung until March 31, 2009.

On March 31, 2009, Mr. Cheung purchased certain property (Crystal Downs property) on Crystal Downs Terrace in Dumfries and moved, together with Ms.

Cheung, into the house (Crystal Downs house) on that property.[2]

Petitioners filed Form 1040, U.S. Individual Income Tax Return (return), for their taxable year 2008 (2008 return). In that return, petitioners reported total income of $137,192 and total tax of $10,406. In their 2008 return, petitioners claimed (1) tax withheld of $11,236, (2) a first-time homebuyer credit of $8,000 with respect to the Crystal Downs property, (3) a recovery rebate credit of $1,800, (4) an overpayment of $10,630, and (5) a refund of the same amount.

On May 4, 2009, respondent issued to petitioners a refund of $8,830.[3]

On April 18, 2011, respondent notified petitioners by letter (Letter-566(CG)) that respondent was examining their 2008 return. In that letter, petitioners were asked to provide respondent with "additional information to substantiate", inter alia, the first-time homebuyer credit that they claimed in that return. Petitioners provided respondent with a U.S. Department of Housing and Urban Development (HUD)

---

[2]Although petitioners moved into the Crystal Downs house on March 31, 2009, Mr. Cheung continued to own the Vidalia property until at least August 14, 2012.

[3]The record does not establish why respondent issued to petitioners a refund of only $8,830 when they claimed a refund of $10,630 in their 2008 return. We note, however, that the difference between the refund amount claimed in the 2008 return and the refund amount issued by respondent is equal to the amount of the recovery rebate credit (i.e., $1,800) that petitioners claimed in that return.

settlement statement (HUD statement) with respect to Mr. Cheung's purchase of the Crystal Downs property. That statement showed Mr. Cheung as the borrower/purchaser of that property and a final settlement date of March 31, 2009.

Respondent issued a notice of deficiency (notice) to petitioners for their taxable year 2008. In that notice, respondent determined to (1) disallow the first-time homebuyer credit of $8,000 that petitioners claimed in their 2008 return and (2) impose on them the accuracy-related penalty under section 6662(a).

In the petition, petitioners alleged error solely with respect to respondent's determination in the notice to disallow the first-time homebuyer credit of $8,000 that they claimed in their 2008 return. They alleged no error with respect to respondent's determination in the notice to impose on them the accuracy-related penalty under section 6662(a).

Discussion

The Court may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Petitioners do not disagree, and the Court concludes, that there is no genuine dispute of material fact with respect to the issue presented in respondent's

motion. That issue is whether petitioners are entitled for their taxable year 2008 to the first-time homebuyer credit under section 36(a).

As pertinent here, an individual taxpayer who is a first-time homebuyer of a principal residence in the United States is entitled to a credit in an amount equal to 10 percent of the purchase price of the principal residence, sec. 36(a), but such amount is not to exceed $8,000, sec. 36(b)(1)(A). As pertinent here, the credit is applicable only if the taxpayer "purchased" the principal residence on or after April 9, 2008, and before December 1, 2009. Sec. 36(h).

The term "first-time homebuyer" is defined in section 36(c)(1) to mean "any individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence to which this section applies."

It is petitioners' position that they are entitled for their taxable year 2008 to the first-time homebuyer credit with respect to the Crystal Downs property. In support of their position, petitioners rely on section 36(c)(1) (quoted above) which defines the term "first-time homebuyer" for purposes of section 36, certain statements appearing in the Web site for HUD which define the term "first-time homebuyer" for HUD and Federal Housing Administration (FHA) purposes, and certain statements in an article appearing in the so-called Home Guides section of the

San Francisco Chronicle (San Francisco Chronicle article) which restate the definition of the term "first-time homebuyer" for HUD and FHA purposes that is set forth in the HUD Web site.

Petitioners argue that in the case of a married couple section 36(c)(1), which defines the term "first-time homebuyer", requires that only "one of the spouses has no present ownership interest in a principal residence during the three-year period ending on the date of the purchase of the principal residence for which the credit is claimed. Thus, if one spouse is eligible under I.R.C. § 36(c)(1), then both the spouses (the couple) are eligible." Petitioners contend that their argument about what section 36(c)(1) requires in the case of a married couple claiming the first-time homebuyer credit is supported by the definition of the term "first-time homebuyer" for HUD and FHA purposes. According to petitioners, their

> interpretation of I.R.C. § 36(c)(1) is in accordance to [sic] the definition of the "first-time home buyer" provided [in] the U.S. Department of Housing and Urban Development (HUD.GOV) website * * * which recites[:] "An individual who has had no ownership in a principal residence during the 3-year period ending on the date of the purchase of the property. This includes a spouse (if either meets the above test, they are considered first-time homebuyers)."

Respondent counters that petitioners are not entitled for their taxable year 2008 to the first-time homebuyer credit because Mr. Cheung had an ownership

interest in a principal residence, namely, the Vidalia property,[4] during the three-year period that ended on March 31, 2009, the date on which he purchased the Crystal Downs property, the principal residence with respect to which petitioners are claiming for their taxable year 2008 the first-time homebuyer credit. As a result, respondent argues, Mr. Cheung is not a first-time homebuyer as defined in section 36(c)(1). Consequently, according to respondent, even though Ms. Cheung was a first-time homebuyer as defined in section 36(c)(1) because she did not have a present interest in a principal residence during the three-year period that ended on March 31, 2009, the date of the purchase of the Crystal Downs property, petitioners are not entitled for their taxable year 2008 to the first-time homebuyer credit.[5]

The Court turns first to petitioners' suggestion that the definition of the term "first-time homebuyer" for HUD and FHA purposes that appears in the HUD Web

---

[4]On October 31, 2003, Mr. Cheung purchased the Vidalia property, moved into the Vidalia house on that property, and resided there until March 31, 2009. On the latter date, Mr. Cheung purchased the Crystal Downs property and he and Ms. Cheung moved into the Crystal Downs house on that property.

[5]Respondent advances no other argument in support of respondent's position that petitioners are not entitled for their taxable year 2008 to the first-time homebuyer credit. The Court considers in its analysis of whether petitioners are entitled to that credit the sole argument that respondent advances in support of respondent's position and all of the arguments and contentions that petitioners advance in support of their position.

site[6] governs resolution of the question whether Mr. Cheung is a first-time homebuyer under section 36(c)(1). The Court rejects petitioners' suggestion. The definition of the term "first-time homebuyer" for HUD and FHA purposes that appears in the HUD Web site is not controlling for purposes of section 36. The definition of the term "first-time homebuyer" that governs for purposes of section 36 is the definition in section 36(c)(1). It is that section which controls the Court's resolution of the question whether Mr. Cheung is a first-time homebuyer, which in turn controls the Court's resolution of the issue whether petitioners are entitled for their taxable year 2008 to the first-time homebuyer credit under section 36(a).

The Court considers now petitioners' argument that in the case of a married couple section 36(c)(1), which defines the term "first-time homebuyer", requires that only "one of the spouses has no present ownership interest in a principal residence during the three-year period ending on the date of the purchase of the principal residence for which the credit is claimed." The Court rejects petitioners' argument. When Congress first enacted section 36 into the Code, it included in the definition of the term "first-time homebuyer" in section 36(c)(1) the parenthetical phrase "and if

---

[6]The definition of the term "first-time homebuyer" for HUD and FHA purposes is restated in a San Francisco Chronicle article on which petitioners rely.

married, such individual's spouse".[7]  That parenthetical phrase requires that, in order to qualify as a first-time homebuyer under section 36(c)(1) where an individual and the individual's spouse are claiming the first-time homebuyer credit in a joint tax return, "such individual (and * * * such individual's spouse) had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence to which this section [36] applies." Sec. 36(c)(1) (emphasis added).  In other words, pursuant to section 36(c)(1) a married couple may qualify under section 36(a) for the first-time homebuyer credit only where both spouses satisfy the definition of first-time homebuyer in section 36(c)(1) because both of them did not have a present ownership interest in a principal residence during the three-year period ending on the date of the purchase of the principal residence for which the credit is claimed.  See Packard v. Commissioner, 139 T.C. __, __ (slip op. at 5) (Nov. 5, 2012).[8]

---

[7]The legislative history of sec. 36 does not explain why Congress decided to include the parenthetical phrase "and if married, such individual's spouse" in the definition of the term "first-time homebuyer" in sec. 36(c)(1).

[8]In addressing in Packard v. Commissioner, 139 T.C. __, __ (slip op. at 5) (Nov. 5, 2012), the relationship between sec. 36(c)(1) and sec. 36(c)(6), the Court observed with respect to sec. 36(c)(1):  "Married couples could qualify for the [first-time homebuyer] credit only if neither spouse had a present ownership interest in a principal residence during the three-year period [ending on the date of the purchase of the principal residence to which sec. 36 applies]."  Sec. 36(c)(6) that the Court

(continued...)

On the record before the Court, the Court concludes that Mr. Cheung is not a first-time homebuyer as defined in section 36(c)(1).  On that record, the Court holds that petitioners are not entitled for their taxable year 2008 to the first-time homebuyer credit under section 36(a).

The Court has considered all of the contentions and arguments of petitioners that are not discussed herein, and the Court finds them to be without merit, irrelevant, and/or moot.[9]

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.

---

[8](...continued)
considered in <u>Packard</u> has no application in the present case.  That is because sec. 36(c)(6) is effective only for residences purchased after November 6, 2009.  Worker, Homeownership, and Business Assistance Act of 2009, Pub. L. No. 111-92, sec. 11(b), 123 Stat. at 2989.

[9]In the petition, petitioners did not allege error with respect to respondent's determination in the notice that they are liable for their taxable year 2008 for the accuracy-related penalty under sec. 6662(a).  Consequently, respondent does not address that determination in respondent's motion.  The Court has consistently held that pursuant to Rule 34(b)(4) a taxpayer is deemed to have conceded a determination of the Commissioner of Internal Revenue with respect to which the taxpayer has not alleged error in the petition.  <u>See, e.g.</u>, <u>Funk v. Commissioner</u>, 123 T.C. 213, 217-218 (2004).  Petitioners are deemed to have conceded respondent's determination in the notice that they are liable for their taxable year 2008 for the accuracy-related penalty under sec. 6662(a).