T.C. Summary Opinion 2007-6

UNITED STATES TAX COURT

DANIEL J. AND JOYCE A. RODERICK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23130-05S.                    Filed January 10, 2007.

Daniel J. and Joyce A. Roderick, pro se.

James H. Brunson, for respondent.

WELLS, Judge:  This case was heard pursuant to the
provisions of section 7463 in effect at the time the petition was
filed.  The decision to be entered is not reviewable by any other
court, and this opinion should not be cited as authority.  All
section references are to the Internal Revenue Code, as amended,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $27,414 and a section 6662(a) penalty of $5,405 for their 2003 taxable year. After concessions[1] by petitioner Daniel J. Roderick (petitioner),[2] the issues we must decide are whether petitioner must include in income for 2003 the entire amount of nonemployee compensation he received from GMAC Mortgage Corporation (GMAC) or whether a portion of that income belonged to another taxpayer who worked with petitioner, and whether petitioner is entitled to deduct certain nonreimbursed business expenses.

### Background

Some of the facts have been stipulated. The parties' stipulation of facts is incorporated in this opinion by

---

[1]Petitioner Daniel J. Roderick (petitioner) concedes that he received compensation from GMAC Mortgage Corporation (GMAC) and pension and annuity income from Fidelity Investments and that he should have reported both receipts on petitioners' 2003 tax return. Petitioner's concessions support respondent's position that the sec. 6662(a) penalty is appropriate. Moreover, petitioners did not assign error to the sec. 6662(a) penalty and have therefore conceded the issue. See Rule 34(b)(4); Funk v. Commissioner, 123 T.C. 213, 215 (2004). Accordingly, petitioners are liable for the sec. 6662(a) penalty.

[2]Petitioners are now divorced, and petitioner Joyce A. Roderick did not appear at trial on Oct. 30, 2006, in Atlanta, Georgia. Petitioner and respondent sought to enter a stipulation of facts signed by petitioner and respondent but not by petitioner Joyce A. Roderick. By order dated Oct. 30, 2006, we dismissed the instant case for lack of prosecution insofar as it relates to petitioner Joyce A. Roderick. Respondent and petitioner read the stipulation of facts into the record.

reference and are found as facts. At the time of filing the petition, petitioners resided in Alpharetta, Georgia. Petitioner entered into a short-term consulting agreement with his former employer, GMAC, after his position was eliminated. Petitioner submitted invoices to GMAC on February 1 and March 1, 2003, totaling $43,977.76 and $34,967.70, respectively, for services rendered and expenses incurred. Both invoices instructed GMAC to wire transfer payment to a Bank of America account "For Benefit of Daniel J. Roderick" and listed petitioner's Bank of America account number and Social Security number. GMAC paid petitioner's invoices on February 12 and March 26, 2003. Despite receiving payment for the consulting services that petitioner performed for GMAC, petitioners failed to include those amounts on their 2003 tax return. Petitioners also failed to include on their 2003 tax return $7,552 in pension and annuity distribution income that petitioner received from Fidelity Investments.

## Discussion

Petitioner concedes that he received compensation from GMAC and pension and annuity income from Fidelity Investments and that he should have reported both receipts on petitioners' 2003 tax return. Petitioner contends, however, that he transferred $39,249.70 to Kathleen A. Mulvey (Ms. Mulvey), who performed some

of the consulting services for GMAC.[3]  Petitioner also contends that he should be allowed to deduct certain business expenses that he omitted from his 2003 tax return.

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct and the burden of proving an error is on the taxpayer.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4]  Gross income includes compensation for services and pension income.  Sec. 61(a)(1), (11).  Income tax cannot be avoided through an assignment of income.  Lucas v. Earl, 281 U.S. 111 (1930).

At trial, petitioner credibly testified that because Ms. Mulvey had not timely submitted certain taxpayer identification to GMAC, petitioner agreed he would let GMAC pay him and he would then forward Ms. Mulvey her share.  Petitioner offered as evidence copies of the invoices that he sent to GMAC on February 1 and March 1, 2003.  The February 1 invoice indicated that Ms. Mulvey had provided $19,000 in professional services to GMAC and incurred $282 in reimbursable expenses.  The March 1 invoice indicated that Ms. Mulvey had provided $19,000 in

---

[3]Ms. Mulvey reported to petitioner when they were both employed by GMAC.  Ms. Mulvey's position at GMAC was also eliminated.

[4]Petitioner does not contend that the burden of proof has shifted to respondent under sec. 7491(a).

professional services to GMAC and incurred $967.70 in reimbursable expenses.

Petitioner also credibly testified, and provided corroborating bank statements showing, that $19,282 and $19,967.70 were debited from his account on February 13 and March 27, 2003, respectively. On the basis of petitioner's testimony and corroborating evidence, we conclude that petitioner was merely a conduit for the $39,249. Accordingly, we hold that the $39,249 that petitioner received from GMAC and in turn paid to Ms. Mulvey is not includable in petitioners' gross income.

Regarding the nonreimbursed business expenses petitioners seek to deduct, deductions are a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The taxpayer bears the burden of proving he is entitled to deductions and must present adequate documentation to support any deductions claimed. Welch v. Helvering, supra at 115; see also Nowland v. Commissioner, 244 F.2d 450, 453 (4th Cir. 1957) (holding the taxpayer bears the "burden of proving the amount of the deductible expenses since deductions are a matter of statutory privilege and must be shown by substantial evidence"). At trial petitioner submitted numerous receipts and documentation substantiating his business expenses for taxable year 2003. With the exception of three automobile payments to Saab Financial

Service Corp. and one payment to "Dents & Dings",[5] we are satisfied with petitioner's showing and hold that petitioner is entitled to the claimed business expense deductions for 2003.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[5]Petitioner labeled these payments "company car" but provided no further evidence.  We infer from the Saab Financial Services Corp.'s statements that petitioner has been making payments on the automobile for some time before the taxable year in issue and had numerous payments remaining.  The combination of the statements from Saab and the repair slip from Dents & Dings suggests that petitioner's automobile is for his personal use. Petitioner may not deduct personal expenses.  See sec. 262(a).