T.C. Memo. 2012-204

UNITED STATES TAX COURT

DANIEL STERN AND REIZEL STERN, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6024-11.                              Filed July 19, 2012.

Ps, husband and wife with many children, resided in Israel at all relevant times; P-H was a U.S. citizen whereas P-W was not. None of Ps' children was born a U.S. citizen, and none became a U.S. citizen until after the close of the taxable years in issue. On their returns, Ps claimed dependency exemption deductions for their children, as well as nonrefundable and refundable child tax credits. R disallowed such deductions and credits.

Held: R's summary judgment motion will be granted; Ps are not entitled to either the dependency exemption deductions or the child tax credits. See I.R.C. secs. 152(b)(3), 24(c)(2); <u>Carlebach v. Commissioner</u>, 139 T.C. __ (July 19, 2012).

Daniel Stern and Reizel Stern, pro sese.

<u>Scott A. Hovey</u>, for respondent.

## MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This case is before the Court on respondent's Motion For Summary Judgment, filed March 13, 2012, pursuant to Rule 121.[1]  In his motion respondent moves for a summary adjudication in his favor as to the underlying deficiencies, additions to tax, and penalties determined by him in the notice of deficiency.  Petitioners filed an Objection to respondent's motion on May 9, 2012.  Thereafter, by Order dated June 13, 2012, respondent's motion was assigned for disposition.

As a threshold matter we must decide whether disposition of this case by summary judgment is appropriate.  If so, we must then decide whether petitioners are entitled to the dependency exemption deductions and the child tax credits claimed by them on their returns for the years in issue.

At the time that the petition was filed, petitioners resided in Israel.

### Background

Petitioners are a married couple and were married throughout the period at issue in this case, i.e., the taxable (calendar) years 2004, 2005, 2006, and 2007.

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and, unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the years in issue.

During that period petitioners resided in Israel. Petitioner Daniel Stern was a U.S. citizen, whereas petitioner Reizel Stern was not.

Petitioners have many children. Throughout the period at issue petitioners' children resided in Israel. None of petitioners' children was born as a U.S. citizen, and none of petitioners' children became a U.S. citizen until July 14, 2008.[2]

Petitioners filed joint Federal income tax returns for the years in issue.[3] Petitioners filed their returns on the following dates:

| Year | Date Filed |
|------|------------|
| 2004 | June 11, 2008 |
| 2005 | Feb. 4, 2009 |
| 2006 | Sept. 18, 2008 |
| 2007 | Sept. 18, 2008 |

---

[2] See Immigration and Nationality Act of 1952 (INA), Pub. L. No. 82-414, sec. 301, 66 Stat. at 163, as amended, 8 U.S.C. sec. 1401 (2006) (specifying who shall be nationals and citizens of the United States at birth); see also id. sec. 322, 8 U.S.C. sec. 1433 (2006) (permitting a parent who is a citizen of the United States to apply for naturalization on behalf of a child born outside of the United States who has not acquired citizenship automatically under INA sec. 320, 8 U.S.C. sec. 1431 (2006) (relating to children born outside of the United States and residing permanently in the United States)).
Petitioners have another child, their tenth, who was born in November 2008 and became a U.S. citizen in October 2009.

[3] See generally sec. 6013 (permitting joint returns by husband and wife). See sec. 6013(g) (permitting an election to treat a nonresident alien individual as a resident of the United States).

On their Federal income tax returns for the years in issue, petitioners claimed personal exemptions for themselves and dependency exemptions for their children as follows:

|  | Number of Exemptions Claimed | | |
|------|----------|------------|-------|
| Year | Personal | Dependency | Total |
| 2004 | 2 | 7 | 9 |
| 2005 | 2 | 8 | 10 |
| 2006 | 2 | 8 | 10 |
| 2007 | 2 | 9 | 11 |

Also on their Federal income tax returns for the years in issue, petitioners reported and claimed the following items in the indicated amounts:

|  |  | Reported | | Claimed | |
|------|---------------|-----------|-------|------------|--------|
|  |  | Tax Liability[1] | | Additional | Refund |
| Year | Earned Income | < CTC | > CTC | CTC | rec'd |
| 2004 | $49,000 | $1,143 | -0- | $5,738 | $5,738 |
| 2005 | 55,400 | 1,343 | -0- | 6,657 | 6,657 |
| 2006 | 56,200 | 1,293 | -0- | 6,707 | 6,707 |
| 2007 | 55,400 | 1,343 | -0- | 6,657 | 6,657 |

[1] Tax liability before (<) and after (>) Child Tax Credit (CTC).

In the notice of deficiency respondent disallowed the dependency exemption deductions, the child tax credit, and the additional child tax credit claimed by petitioners for each of the years in issue.[4] Respondent also determined

---

[4] Other adjustments to income made by respondent in the notice of deficiency
(continued...)

that for each of the years in issue, petitioners were liable for the addition to tax

under section 6651(a)(1) and for the accuracy-related penalty under section

6662(a).

Petitioners timely filed a petition for redetermination challenging respondent's

deficiency determinations. See sec. 6213(a). Petitioners did not challenge

respondent's determinations regarding their liability for the additions to tax and the

accuracy-related penalties.[5]

---

[4](...continued)
are without tax effect given our disposition of the issues discussed infra in
the text.

[5] Because petitioners did not challenge either the additions to tax or the
penalties, those matters are deemed to be conceded. See Rule 34(b)(4) ("Any issue
not raised in the assignments of error shall be deemed to be conceded"); see also
Funk v. Commissioner, 123 T.C. 213, 217-218 (2004) (applying the Swain rationale
to an addition to tax under sec. 6651(a)(1)); Swain v. Commissioner, 118 T.C. 358,
364-365 (2002) (relieving the Commissioner of any burden of production under sec.
7491(c) as to the accuracy-related penalty under sec. 6662(a) "[i]f an individual
does not challenge a penalty by assigning error to it (and is, therefore, deemed to
concede the penalty)"). Also, in their Objection to respondent's summary judgment
motion, petitioners do not seek to raise any issue regarding the additions to tax or
the accuracy-related penalties even though respondent argues in his motion that
petitioners should be deemed to have conceded them.

## Discussion

A. <u>Summary Judgment</u>

Rule 121 provides for summary judgment. Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy but we may grant summary judgment only if there are no genuine issues of material fact. Rule 121(a); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).

As the moving party, respondent bears the burden of proving that no genuine issue exists as to any material fact and that respondent is entitled to judgment as a matter of law. <u>See</u> <u>FPL Group, Inc. v. Commissioner</u>, 115 T.C. 554, 559 (2000). Petitioners, as the party opposing summary judgment, must do more than simply suggest that "there is some metaphysical doubt as to the material facts", <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986), but must set forth specific facts which show that a question of genuine material fact exists, <u>see</u> Rule 121(d); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).

Upon review of the record we are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Accordingly, for the reasons that follow we shall grant respondent's motion.

B.  Dependency Exemption Deductions

In the case of an individual, section 151(a) authorizes as deductions in computing taxable income the exemptions provided by such section.  In particular, section 151(c) allows an exemption for each individual who is the taxpayer's dependent as defined in section 152.[6]

In order for a child to qualify as a dependent various requirements must be satisfied.  Relevant here is the requirement that the child must be a citizen or national of the United States or a resident of the United States or a country contiguous to the United States.  Sec. 152(b)(3).

In the instant case, petitioners and their children resided in Israel during the years in issue.  None of petitioners' children was born as a U.S. citizen, and none became a U.S. citizen until July 14, 2008.  Accordingly, none of petitioners' children qualifies as a "dependent" within the meaning of section 152, and petitioners are therefore not entitled to a dependency exemption deduction under section 151(c) for any of the years in issue.  See Carlebach v. Commissioner, 139 T.C. __ (July 19, 2012).

---

[6] Secs. 151 and 152 were amended by the Working Families Tax Relief Act of 2004, Pub. L. No. 108-311, sec. 206, 118 Stat. at 1166, 1176, effective for tax years beginning after December 31, 2004.  The amendments, however, do not affect our disposition of the issue before us, and the statutory references in the text apply to all four taxable years in issue.

C. Child Tax Credit

Section 24(a) allows as a credit against the tax imposed a specified amount, commonly know as the child tax credit.[7]  Section 24(d) makes a portion of the credit refundable, and such portion is popularly known as the additional child tax credit.

In order to qualify for a child tax credit, various requirements must be satisfied. Principal among these is the requirement that there be a "qualifying child".  See sec. 24(a).  Such term is defined by section 24(c).  Pursuant to section 24(c)(2), a child is not a "qualifying child" for purposes of the child tax credit if such child is neither a citizen or national of the United States nor a resident of the United States.

As previously stated, during the years at issue petitioners and their children resided in Israel.  None of petitioners' children was born as a U.S. citizen, and none became a U.S. citizen until July 14, 2008.  Accordingly, none of petitioners' children qualifies as a "qualifying child" within the meaning of section 24, and petitioners are therefore not entitled to a child tax credit (whether refundable or nonrefundable) for

---

[7] Sec. 24 was amended by the Working Families Tax Relief Act of 2004, sec. 101, 118 Stat. at 1167, with certain amendments being effective for tax years beginning after December 31, 2004.  These amendments, however, do not affect our disposition of the issue before us, and the statutory references in the text apply to all four taxable years in issue.

any of the years in issue.  <u>See</u> <u>Carlebach v. Commissioner</u>, 139 T.C. __ (July 19, 2012).

D.  <u>Conclusion</u>

In order to give effect to the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.