T.C. Memo. 2016-39

UNITED STATES TAX COURT

CHARLES E. BROWN AND CONNIE E. BROWN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18360-14.                               Filed March 3, 2016.

Charles E. Brown and Connie E. Brown, pro sese.

<u>Lewis A. Booth, II</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $4,018 in
petitioners' Federal income tax for 2010.  After concessions, the issues for
decision are whether petitioners are entitled to medical expense or charitable
contribution deductions beyond those allowed in the statutory notice or conceded
by respondent after trial.  All section references are to the Internal Revenue Code

**[\*2]** in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Petitioners resided in Texas when they filed their petition. During 2010, Charles Brown (petitioner) was the founder/pastor of the William Temple Church of God in Christ, Inc. He received a salary of $50,799.32 that year. On their 2010 Federal income tax return, petitioners claimed itemized deductions totaling $51,364, including deductions for medical insurance premiums of $12,944 and charitable contributions of $19,224. Upon examination of the return the Internal Revenue Service allowed a deduction for $4,227 of contributions but disallowed the medical expense deduction because the substantiated amount of $3,844 was less than 7.5% of petitioners' adjusted gross income.

## OPINION

Petitioners bear the burden of proving entitlement to the deductions that they claim. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133.

After trial respondent conceded an $8,629.50 deduction for Connie E. Brown's portion of health insurance premiums deducted from petitioner's

**[\*3]** compensation. That amount was inferred from partial records of petitioner's compensation from his church, which showed only certain amounts designated as "health". There is no evidence that reliably substantiates that any specific amount shown on the partial records was actually paid as deductible premiums for Mrs. Brown's health insurance. Amounts shown on the exhibits petitioners rely on were inconsistent with each other and with petitioners' tax return. Without more we cannot allow any amount greater than that conceded by respondent.

Respondent declined to allow any additional deduction for charitable contributions because the records that petitioner produced were all self-generated and were not supported by contemporaneous receipts or bank records satisfying the special rules set forth in section 170(f)(8) and (17), applicable to charitable contributions. The relevant portions of those sections provide:

> SEC. 170(f). Disallowance of Deduction in Certain Cases and Special Rules.--
>
> \*      \*      \*      \*      \*      \*      \*
>
> (8) Substantiation requirement for certain contributions.--
>
> > (A) General rule.--No deduction shall be allowed under subsection (a) for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the

[*4] contribution by the donee organization that meets the requirements of subparagraph (B).

(B) Content of acknowledgement.--An acknowledgement meets the requirements of this subparagraph if it includes the following information:

(i) The amount of cash and a description (but not value) of any property other than cash contributed.

(ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).

(iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) or, if such goods or services consist solely of intangible religious benefits, a statement to that effect.

For purposes of this subparagraph, the term "intangible religious benefit" means any intangible religious benefit which is provided by an organization organized exclusively for religious purposes and which generally is not sold in a commercial transaction outside the donative context.

(C) Contemporaneous.--For purposes of subparagraph (A), an acknowledgment shall be considered to be contemporaneous if the taxpayer obtains the acknowledgment on or before the earlier of--

**[*5]**   (i) the date on which the taxpayer files a return for the taxable year in which the contribution was made, or

(ii) the due date (including extensions) for filing such return.

\*     \*     \*     \*     \*     \*     \*

(17) Recordkeeping.--No deduction shall be allowed under subsection (a) for any contribution of a cash, check, or other monetary gift unless the donor maintains as a record of such contribution a bank record or a written communication from the donee showing the name of the donee organization, the date of the contribution, and the amount of the contribution.

Petitioners contend that their contributions were all made in cash. However, they did not produce any receipts purporting to acknowledge cash contributions until after respondent's pretrial memorandum was filed. Petitioners' niece testified at trial purporting to acknowledge the cash contributions, but the receipts did not appear to be contemporaneous records. Ten of the receipts reflected amounts in excess of $250 and totaled $4,700, and no acknowledgment satisfying the requirements of section 170(f)(8) was provided. The total of the amounts shown on the receipts provided did not equal the amount claimed on petitioners' return.

Despite requests by respondent over many months before trial, petitioners did not produce any bank records showing cash withdrawals consistent with the

**[*6]** level of contributions claimed. The amounts of cash contributions that petitioners claimed to have made during certain short periods are improbable, and there is no independent verification of the authenticity of the receipts or the reliability of what they purport to show. Most significantly, neither petitioner nor Mrs. Brown testified under oath that they in fact made the cash contributions claimed.

We are not persuaded that the claimed cash contributions have been substantiated as required by law. No further deductions may be allowed. To reflect the concessions made by respondent,

Decision will be entered

under Rule 155.