# United States Tax Court

T.C. Memo. 2023-32

RUSSELL E. BARRIOS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19089-17.                          Filed March 14, 2023.

————

*Abram Jack Fishman*, for petitioner.

*Daniel K. McClendon*, *John W. Sheffield III*, *John T. Arthur*, and
*Brianna B. Taylor*, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

URDA, *Judge*: Petitioner, Russell E. Barrios,[1] challenges an IRS
notice that determined a deficiency of $183,239 in federal income tax for
his 2011 tax year, as well as additions to tax of $41,229, $45,810, and
$3,620 under sections 6651(a)(1) and (2) and 6654, respectively.[2] In his
petition, Mr. Barrios asserted that he was entitled to "tax deductions
and business expenses" that "would lower any amounts owed

---

[1] Petitioner's name is spelled inconsistently throughout the record. Certain
documents (including the notice of deficiency and the petition) spell the name "Barrios"
while others (including certain Internal Revenue Service (IRS) transcripts and
posttrial briefs) spell it "Barrois." As there has been no motion to amend the caption,
we will continue to use Barrios as in the petition.

[2] Unless otherwise indicated, all statutory references are to the Internal
Revenue Code, Title 26. U.S.C., in effect at all relevant times, all regulation references
are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant
times, and all Rule references are to the Tax Court Rules of Practice and Procedure.
We round all monetary amounts to the nearest dollar.

[*2] significantly." After concessions, stipulations, and deemed admissions pursuant to Rule 90, we are called on to resolve whether Mr. Barrios substantiated his entitlement to deduct certain business expenses. We decide this issue in favor of the Commissioner.

FINDINGS OF FACT

This case was tried at our Atlanta, Georgia, remote trial session (via Zoomgov). We base our factual findings on the stipulation of facts, the deemed admissions of facts, certain exhibits,[3] and the testimony of Jerry F. Humphries, the sole trial witness. *See* Rule 90(c). Mr. Barrios lived in Louisiana when he timely filed his petition.

I.   *Background*

During 2011 Mr. Barrios owned and operated a welding business, Big B Services LLC (Big B), which also used the name Barrios Welding Service. Big B earned $7,565,528 in gross receipts and incurred contractor expenses of $2,786,362. Mr. Barrios also received capital gains of $182,292 from sales of stock in 2011.

Mr. Barrios nonetheless did not file a 2011 tax return. This omission continued a trend from 2010, when he failed to file a return despite owing $90,000 in tax.

The IRS accordingly prepared a substitute for return based upon information received from third parties and issued a notice of deficiency. The notice reflected gross income of $755,041, stemming from $13,500 in cash transactions, $1,500 in gambling winnings, $455,026 of capital gain, and $305,405 in nonemployee compensation paid to Big B for tax year 2011, reduced by adjustments, deductions, and exemptions.

II.   *Tax Court Proceedings*

Mr. Barrios filed a timely petition in this Court. While this case was pending, Mr. Barrios provided to the IRS Form 1040, U.S. Individual Income Tax Return, signed by himself and Mr. Humphries, a certified public accountant. On this Form 1040 Mr. Barrios reported

---

[3] At trial, we reserved ruling on the Commissioner's objections to the admissibility of Exhibits 103-P to 109-P. We will deny admission of Exhibits 103-P through 105-P as irrelevant because they relate either to resolved issues or the parties' settlement discussions. *See* Fed. R. Evid. 401, 402. We will discuss the remaining exhibits in the course of the Opinion section.

**[\*3]** adjusted gross income of negative $254,786 and indicated that he owed no tax for 2011.

As relevant here, the Form 1040 reported gross receipts of $7,565,528 for Big B, as well as cost of goods sold of $6,266,451 and gross income of $1,313,650. The entirety of the cost of goods sold was allocated to cost of labor. Mr. Barrios reported additional expenses of $1,575,037 with respect to Big B, including $1,257,618 in wages, $54,024 in insurance, $35,144 in depreciation, and assorted "other expenses" of $189,368.

## OPINION

I.   *Legal Standards*

A.   *Burden of Proof*

The IRS's determinations are presumed correct, and a taxpayer generally bears the burden to prove his entitlement to any deductions he claims. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). A taxpayer must satisfy the specific requirements for any deduction claimed. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992).

Although section 7491(a)(1) shifts the burden of proof to the Commissioner in certain defined circumstances, Mr. Barrios does not contend, and the evidence does not establish, that the burden does so here. The burden thus remains with Mr. Barrios.[4]

B.   *Recordkeeping*

A taxpayer is required to keep sufficient records to substantiate his gross income, deductions, credits, and other tax attributes. *See* I.R.C. § 6001; Treas. Reg. § 1.6001-1(a); *see also* Treas. Reg. § 1.6001-1(e) ("The books or records . . . shall be retained so long as the contents thereof may become material in the administration of any internal revenue law."). Adequate substantiation must establish the nature, amount, and purpose of a claimed deduction. *See, e.g.*, *Higbee v.*

---

[4] We note that the Commissioner amended his answer to increase the amount of gross receipts consistent with the Form 1040 submitted by Mr. Barrios. Generally, when the Commissioner relies on a basis that was not described in the notice of deficiency, it is a "new matter" within the meaning of Rule 142(a), and the Commissioner bears the burden of proving the amount. *See, e.g.*, *Shea v. Commissioner*, 112 T.C. 183, 190–93 (1999). The amount of gross receipts has been deemed admitted previously, and the Commissioner has met his burden in this regard.

**[\*4]** *Commissioner*, 116 T.C. 438, 440 (2001); *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976).

For some types of expenses, lack of substantiation can be overcome. *See, e.g.*, *Phillips v Commissioner*, T.C. Memo. 2013-215, at \*22–23. If a taxpayer establishes that a deductible expense has been paid but cannot establish the precise amount of the deductible expense, the Court may estimate the amount. *See Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930).

In making the estimate, the Court bears heavily against the taxpayer who failed to more precisely substantiate the expense. *See Cohan v. Commissioner*, 39 F.2d at 544; *see also Rogers v. Commissioner*, T.C. Memo. 2014-141, at \*17. The Court will not estimate a deductible expense unless the taxpayer presents a sufficient evidentiary basis on which an estimate can be made. *See Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985); *Rodriguez v. Commissioner*, T.C. Memo. 2009-22, 2009 WL 211430, at \*4 (stating, with respect to the *Cohan* rule, that "we can't just guess"). No estimate can be made of expenses governed by the strict substantiation requirements of section 274.

"If a taxpayer can establish that he once had adequate records but lost the records because of circumstances beyond his control, such as a fire, flood, or other casualty, then the Court will permit the taxpayer to reasonably reconstruct his expenses." *Phillips v. Commissioner*, T.C. Memo. 2013-250, at \*8; *see also Boyd v. Commissioner*, 122 T.C. 305, 320 (2004); Temp. Treas. Reg. § 1.274-5T(c)(5). Crucial to this reconstruction is that the secondary evidence be credible. *See, e.g.*, *Boyd*, 122 T.C. at 320–21. If no other documentation is available, the Court may, but is not required to, accept credible testimony of a taxpayer to substantiate an expense. *Id.*; *see also Cherizol v. Commissioner*, T.C. Memo. 2014-119, at \*11.

II. *Analysis*

In his posttrial brief Mr. Barrios argues that he is entitled to deduct $2,623,774, purportedly stemming from 29 different categories of expenses incurred in the course of Big B's 2011 operations.[5] Section 162(a) generally permits a deduction for ordinary and necessary

---

[5] We note that the documents Mr. Barrios relied upon in Court often contained inconsistent amounts and that Mr. Barrios did not supply an adequate explanation for these inconsistencies.

**[\*5]** expenses paid or incurred during the taxable year in carrying on any trade or business. An expense is ordinary if it is "normal, usual, or customary" within a particular trade or business. *Deputy v. du Pont*, 308 U.S. 488, 495 (1940). It is necessary if it is appropriate and helpful for the business. *Welch v. Helvering*, 290 U.S. at 113. "To prove entitlement to deduct an expense, the taxpayer must prove not only the fact of the expenditure but also the business purpose . . . of the expense." *Rogers*, T.C. Memo. 2014-141, at \*18.

Mr. Barrios has failed to substantiate his reported business expenses. As an initial matter, the scant evidence he introduced regarding his business makes it very difficult to evaluate the reported expenses. Although he attempts to provide slightly more insight into his affairs in his posttrial briefs, "statements in briefs . . . do not constitute evidence," Rule 143(c), and cannot supplement the record, *Rogers*, T.C. Memo. 2014-141, at \*15; *see also Patitz v. Commissioner*, T.C. Memo. 2022-99, at \*11.

To substantiate his purported expenses, Mr. Barrios primarily relies on a profit and loss statement. This statement, however, was not prepared in 2011 but rather was a reconstruction compiled in 2018 after this litigation had already begun. Mr. Barrios has not established that he lost any underlying financial records from 2011 because of circumstances beyond his control, and a reconstruction of this sort is not proper substantiation. *See, e.g.*, *Phillips*, T.C. Memo. 2013-250, at \*8.

Moreover, the profit and loss statement merely contains a list of categories and amounts of expenses, without the introduction of any source documents underlying the figures.[6] "We treat [it] then as

---

[6] During trial, Mr. Barrios sought to introduce several documents (Exhibits 106-P through 109-P) to substantiate certain expenses. These documents are hearsay, as they constitute out-of-court statements offered for their truth, i.e., the expense amounts. *See* Fed. R. Evid. 801(c). Mr. Barrios argues that these exhibits qualify for the business-records exception to the hearsay bar, as set forth in Rule 803(6) of the Federal Rules of Evidence. This exception requires the record to have been made (i) at or near the time of the recorded act by someone with knowledge, (ii) in the course of a regularly conducted activity of a business, and (iii) as a regular practice of such activity. Fed. R. Evid. 803(6)(A)–(C). These conditions must be established by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) of the Federal Rules of Evidence. *See* Fed. R. Evid. 803(6)(D).

None of these exhibits satisfy the business-records exception. Exhibits 106-P, 107-P, and 109-P were QuickBook reconstructions of certain expenses prepared in

**[\*6]** argument—not evidence . . . ." *Rodriguez v. Commissioner*, 2009 WL 211430, at *2; *see also Shah v. Commissioner*, T.C. Memo. 2015-31, at *43.

In addition to failing to show through source documentation that the expenses actually were incurred, the bare-bones statement fails to adequately establish the business purpose of the purported expenditures. Instead, Mr. Barrios offered at trial testimony from Mr. Humphries, who claimed to have verified the amounts on the profit-and-loss statement. Although he was not on site at Big B, Mr. Humphries testified that he supervised the preparation of the statement by discussing with Big B's bookkeeper her general approach as to the inclusion and categorization of 2011 expenses and then spot-checking her work. Mr. Humphries' "confiden[ce] that these expenses are substantially correct," is insufficient to substantiate the nature, amount, or purpose of the claimed deductions. *See Hradesky*, 65 T.C. at 90 (rejecting "unverified oral testimony"); *see also Shah*, T.C. Memo. 2015-31, at *43 (rejecting as sufficient substantiation the claim that a taxpayer "never entered an expense into Quicken without supporting bank information"); *Hopkins v. Commissioner*, T.C. Memo. 2005-49,

---

2018 by a bookkeeper who had no direct knowledge of the 2011 expenses, and who apparently relied upon discussions with Big B's previous bookkeeper. At trial, Mr. Barrios' sole witness described the original bookkeeper (upon whom the reconstructions apparently depended) as unqualified and error-prone. These exhibits plainly do not satisfy the requirement that they be "made at or near the time by . . . someone with knowledge." *See* Fed. R. Evid. 803(6)(A).

We reach the same conclusion as to admissibility with respect to Exhibit 108-P, a payroll document ostensibly generated by a company named Paychex, Inc. This document reflects on its face that it relates to payroll and various expenditures for Big B for the week of December 19–25, 2011. Although this document might theoretically pass muster under Rule 803(6)(A)–(C) of the Federal Rules of Evidence, Mr. Barrios failed to offer the testimony of a records custodian or qualified witness as required by paragraph (6)(D). "A qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met." *United States v. Osuagwu*, 858 F. App'x 137, 144 (5th Cir. 2021) (quoting *United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008)). Mr. Barrios relied on the testimony of Mr. Humphries, who offered no explanation of Big B's recordkeeping system, and failed to establish that the requirements of paragraph (6) had been met. *See* Fed. R. Evid. 803(6)(D); *Hardesty v. Commissioner*, T.C. Memo. 1993-225, 1993 WL 173257, at *8 ("It is not sufficient that the document purport to prove those facts; such showing must be made through the *testimony* of the custodian (or other qualified witness)."); *see also Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 583 (5th Cir. 2022) (rejecting an individual as a proper custodian or qualified witness because he "did not have custody of the record . . . [and] was not familiar with . . . record keeping procedures" of the organization).

**[\*7]** 2005 WL 615687, at \*5 ("A taxpayer's general statement that his or her expenses were incurred in pursuit of a trade or business is not sufficient to establish that the expenses had a reasonably direct relationship to any such trade or business."); *cf. Cherizol*, T.C. Memo. 2014-119, at \*11 ("In deciding whether a taxpayer has satisfied his or her burden of substantiating a deduction, we are not required to accept the taxpayer's self-serving, undocumented testimony.").

As a final point, the profit and loss statement is inconsistent in several respects with the expense amounts reported on Mr. Barrios's 2011 Form 1040 provided to the IRS. These differences further undermine any confidence we might have in a reconstruction prepared seven years after the fact during litigation. *See Brown v. Commissioner*, T.C. Memo. 2016-39, at \*2–3; *Shah*, T.C. Memo. 2015-31, at \*43.

In summary, the "lack of documentary evidence . . . combined with the noncompelling nature of [Mr. Humphries'] testimony" compels the conclusion that Mr. Barrios failed to meet his burden to substantiate his claimed business expenses in excess of the amounts previously allowed by the Commissioner. *Phillips*, T.C. Memo. 2013-215, at \*25; *see also Higbee*, 116 T.C. at 445 ("Aside from [the taxpayer's] self-serving testimony at trial that these additional expenses related to her employment . . . [the taxpayers] have failed to provide us with sufficient and credible evidence for us to rule in their favor."). Nor has he introduced sufficient evidence to allow us to estimate those expenses that might fall within the scope of the *Cohan* rule. *See Alterman v. Commissioner*, T.C. Memo. 2018-83, at \*34–35 ("[t]here is no information in the record regarding the cost of merchandise" and the taxpayers "have pointed to no evidence in the record to give us a reasonable basis for estimating the ending inventory"); *see also Rodriguez v. Commissioner*, 2009 WL 211430, at \*4.

III.    *Additions to Tax*

The Commissioner has the burden of producing evidence with respect to the liability of any individual for any addition to tax. I.R.C. § 7491(c). He is relieved of this obligation where, as here, a taxpayer fails to raise the issue in his pleadings and is therefore deemed to have conceded it. *See, e.g., Funk v. Commissioner*, 123 T.C. 213, 218 (2004); *Swain v. Commissioner*, 118 T.C. 358, 364–65 (2002). We therefore find that Mr. Barrios is liable for the additions to tax determined in the notice of deficiency.

**[\*8]** IV.  *Conclusion*

Mr. Barrios has failed to substantiate expenses underlying any deductions in excess of the amounts previously allowed by the Commissioner and waived any challenge to the additions to tax.  We will therefore sustain the notice of deficiency, subject to certain concessions by the Commissioner and any related computational adjustments.

To reflect the foregoing,

*Decision will be entered under Rule 155.*